Tilghman C. J.
In this case, five exceptions were taken to the proceedings; but as the two last were abandoned, I shall only take notice of the first three.
1. The petitioners for the road do not state whether they pray for a public or private road.
It is necessary that it should appear on the record, whether the road is to be public or private, but I do not think it necessary to mention it in the petition. It is not at the option of the petitioners whether it shall be public or private; that is to be judged of by the viewers, who are directed by the act, to state particularly in their report, “ whether they judge the same necessary for a public or private road.” They have reported that they judged this necessary for a private road, and their report was approved by the court. I am therefore of opinion, that the record is in this respect sufficient. I think this point was once before decided by this Court at Sunbury, but the case has not been reported.
2. The second exception is, that it is not stated by the re-reviewers, that they reviewed the ground between James Spear’s iron works, and James Young’s mill, &c.
We must not be too astute in criticising the language in which these reports are made. It is sufficient if it substantially appears that the viewers have performed their duty. The order of court directs them to re-review the ground and places between Spear’s iron works and Young’s mill where the road is required, and if they are of opinion, that a road is necessary between those places, they are to ^proceed to lay it out, “through such convenient places, as they shall think least to the damage or inconvenience of the parties concerned and neighbors thereabout, and make return of their proceedings, &c.”
*162 The viewers reported that “in pursuance of the said order they had viewed, laid out and returned the following road, &c.” Now if in pursuance of the order they had viewed and laid out the road, I think it may be fairly understood, that they had viewed the ground over which the road has been laid out by the original viewers. There is the less reason for strictness in construing the report, because it was to be submitted to the judgment of the Court of Quarter Sessions; and if the viewers had been negligent in viewing the ground, it was very easy for the party injured to apply to the court, and object to the report on that ground. I am, therefore, of opinion, that there is no weight in this objection.
3. The third exception is founded on the first section of the act, by which the viewers are directed to lay out the road, as agreeably to the desire of the petitioners as may be, “having respect to the best ground for a road, and the shortest distance, in such a manner as to do the least injury to private property;” It is insisted that their compliance with those injunctions should be mentioned in the report. I cannot see the necessity of this. Undoubtedly they are to pay regard to the directions of the act, and if they do not, it is the duty of the Court of Quarter Sessions to set aside the report. This construction secures all the benefit of the provisions intended by the act, without embarrassing the proceeding by too much form. If the parties concerned are vigilant and attentive to their interests, they may bring the merits of their objections before the court, and that is all they can reasonably desire. Cases have been cited to show, that when a statute authorizes proceedings of a special nature, the persons acting under such authority, must show on the face of their proceedings, that they had jurisdiction of the case. If a statute directs a thing to be done by two justices, one of whom is of the quorum, it must be set forth that one of them was of the quorum. This is all very right, because the Superior Court, in reviewing the are confined to the record, and can hear no evidence out of it. But here is no ^question about jurisdiction. The Court of Quarter Sessions had undoubted jurisdiction touching the order which they issued to the viewers; and in judging of the report, they were not restricted to the report itself, but might inquire by extrinsic evidence, into the regularity and propriety of the proceedings. The act does not require that the circumstances respecting distance, goodness of ground, &c., should be mentioned in the report; and as the object of these directions may be obtained by complaint to the Court of Quarter Sessions, whether they *163 are mentioned in the report or not, I am of opinion that it is unnecessary to mention them.
Yeates J.
All the different exceptions taken to the proceedings in the Sessions in this case, have been properly abandoned by the counsel on the part of Henry Freymeyer, who prosecuted the certiorari except three.
I pass over one exception, that the petition was not for a private road, on which we decided in the middle district.
2. It is objected that it is not stated in the return of the re-reviewers that they had reviewed the ground and places between James Spear’s iron works and Colonel James Young’s mill where the road was required. It is a sufficient answer hereto, to remark, that the return states they had reviewed the road pursuant to the order of Sessions, and had laid out a road between the given points, which they judged necessary for private use. The objection, therefore, directly contradicts the truth of the facts asserted in the return to the Sessions, and is not supported by any circumstance whatever apparent on the face of the record.
3. But it is also objected, that it is not stated in the return, that the re-reviewers, in laying out the road, had respect to the best ground for the road and the shortest distance, and that they had laid it out in such a manner, as to do the least injury to private property. The order of Sessions directs, that if the re-reviewers or any four of them should be of opinion that there was occasion for the road, they should proceed and lay out the same, in and through such convenient places, as they should think least to the damage or inconvenience of the parties concerned and neighbors thereabout, and make report to the next court, with a plot or draft thereof, &c. It omits the provisions of the first section of the *act of 6th April 1802, that the viewers shall have respect to the best ground for the road, and the shortest distanee, upon the principle that such provisions were merely directory, and that the common sense of all mankind, would point out the necessity of such a line of duty. No viewer of a sound mind would ever think of taking the ioorse ground or the longest distance for the route of a road; and it cannot be denied that the Sessions have full jurisdiction in the premises, and that they are vested with authority to affirm or negative the returns made to them by viewers or reviewers of roads. As was said by this Court in the case of the Schuylkill Falls’ Road, 2 Binn. 255, “ the law will not intend that the Court of Quarter Sessions of the Peace have committed an error when acting on a subject clearly within *164 their jurisdiction; but will presume in cases before them which admit of presumption, omnia esse rite acta.” Should the viewers of a road act so preposterously as to lengthen the distance and lay it out on the worst ground, the persons injured thereby would unquestionably apply for redress to the Sessions, and we are bound to suppose they would not do it in vain. They are the judges of fact, in all cases where the confirmation of a road is applied for, whether it be public or private. It is otherwise as to this Court, sitting in the dernier resort as a court of error, and who are incompetent to give a remedy in such cases. The law of 1803 does not require the nicety of return asked for by the counsel of Ereymeyer; and it is worthy of remark, that if so formal a return should now be deemed indispensable, few indeed of the roads which have been laid out since 1803, would bear the test of such a rigid system.
I am of opinion, that the judgment of the Sessions should be affirmed.
Brackenridqe J. concurred.
Order of Sessions confirmed.
[Cited in 4 S. & R. 108 ; 7 id. 299 ; 5 W. & S. 204; 9 Barr 70.]