*107 The opinion of the' Court was delivered by
Gibson J.
This case comes before us on a certiorari to the Quarter Sessions of Philadelphia, and five exceptions are taken to the proceedings, only three of which are material. It is obiected, that this street could be laid out only by •> ’ j j the commissioners, under the act of 26th March, 1808. This objection is without foundation. It never could have been the intention of the legislature, in passing the last mentioned act, to repeal, as respects that part of Moyamensing township, which is embraced by the act of 1808, the provisions of the road law. The object was to obtain a general town plan, having those advantages of regularity and unity of design, that can be obtained only by laying out at one time, all the streets and alleys at first deemed necessary. But after the general plan has been thus obtained, other streets in addition, may be found necessary, and these can be added only under the general law. No doubt, the immediate execution of the powers vested in the commissioners was contemplated ; but the draught or plan of the survey directed to be made, has not^yet been returned to the Quarter Sessions. In the mean time, valuable buildings have; been erected on streets laid out under the road law of 1802. To say that the operation of the general road law was suspended, till the work of the commissioners should be perfected, would be attended with destructive consequences; and there is nothing in the act which looks like a repeal of at; but taxes are to be laid, and even the streets laid out by the commissioners, are to be. opened and kept in repair, according to its provisions. I, therefore, consider the act of the 26th March, 1808, not only as not repealing, but as not interfering with the road law. Streets laid out pursuant to it, are to be valid, but it is to have no other effect.
It is objected to these proceedings, that only four of the viewers appointed by the Court, actually viewed the ground. The report is signed by five persons, four of whom are indisputably the same that were appointed. The fifth is, in the certificate of appointment, named Jesse Williams, the name signed to the report being Jesse Williamson. Hence it is inferred, that Jesse Williamson acted without authority. It is not contended in point of fact, that Jesse Williamson was not the person meant. The variance obviously arises from a mere clerical error, which might have been set right *108 in the Quarter Sessions, if an application had been made ; and we cannot suppose that Court would have confirmed the report, if they had not been satisfied, that the persons signing the report, were those who had been appointed. We will not contend, that the Quarter Sessions have committed . . error, but we will presume, m every case susceptible of presumption, that every thing was rightly done. Schuylkill fall’s road, 2 Binn. 250. Spear’s road, 4 Binn. 174.
Exception is taken to these proceedings, that the petition is not for a road of highway, but for a street, and that the report is of a street. In common parlance, the word street, is equivalent to highway, and the very words of the act need not be pursued ; a substantial compliance with its provisions, is all that is required. Few records of proceedings of this nature, would stand the test of a construction so severe ás that contended for. Reports of viewers, and frequently the petitions on which all subsequent proceedings are founded, are drawn by persons unacquainted with forms. The report in a majority of cases, passes on to confirmation without scrutiny, and even if an informality were detected in due season, the delay that would ensue from referring the matter again to the viewers, for correction, is greater than its importance deserves. But it would be intolerably mischievous, if, after the proceedings have been confirmed, any dissatisfied person should succeed in a Court of error, on the mere ground of an informality, so trivial in its nature, as that complained of here. It is therefore the opinion of the Court, that the -proceedings be affirmed.
Proceedings confirmed.