# In re Road in South Abington Township.

1. In proceedings to lay out a road under the general road law or under the special Act of February 24th, 1845 (P. L. 52), in force in Lackawanna county, it is not requisite that it should appear upon the face of the report that notice was given of the meeting of the viewers to the various land-owners through whose ground the road was to pass. Such notice is necessary but may be shown by parol.

2. In such proceedings it is not necessary that the report of the viewers should state that they have endeavored to obtain releases, nor that in the assessment of damages they have taken into consideration the advantage accruing to the land-owner from the opening of the road. It will be presumed that the viewers have performed their duties in both respects according to law.

3. In the present case, which was in regard to the laying out of a road, the terminal points of the road as contained in the report of the viewers corresponded sufficiently with the termini as stated in the petition to preclude exception to the report on this ground.

4. Where the report of viewers to lay out a road states "that they were first severally sworn in the form and manner prescribed by the said order (appointing them), and according to law," it will be presumed that they were sworn in the form required by the Act of Assembly. Any evidence to the contrary is for the Quarter Sessions to consider when called upon to confirm the report, but the Supreme Court will not, on certiorari, consider such testimony, since the same is no part of the record.

5. In proceedings to lay out a road the fact that the initial letter of the second Christian name of one of the persons appointed as viewers is omitted in the order making the appointment, but is inserted in the signature of that viewer to the report, will not warrant the setting aside of the report.

[Road in South Abington Twp.]

February 23d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

CERTIORARI to the Court of Quarter Sessions of *Lackawanna county:* Of July Term, 1884, No. 54.

This was a petition by sundry inhabitants of the township of Abington for a public road, to lead from a point at or near Isaac Ackerley's, on a highway leading from Newton Center to O'Donnel's hotel, terminating at a point on a public road leading from Clark's Green to Newton Center, at a point near the Hendershot spring. Viewers were accordingly appointed, and afterwards presented the following report:—

To the Judges of the Court of Quarter Sessions of the Peace of the annexed order:

We, the subscribers, appointed by the said court to view and lay out the road therein mentioned, report: That having been first severally sworn in the form and manner prescribed by the said order and according to law, that all of us having viewed the ground for the proposed road, and all concurring, did lay out and now return the same for a public road.

Beginning twelve feet from east corner of I. T. Ackerley's horse shed.

(Here follow the different courses and distances.)

Thence north forty-six and one half degrees west twenty-nine rods to corner in centre of road leading from Newton Center to Clark's Green and about four rods east of the Hendershot spring.

With reference to the improvements through which it passes a plot or draft whereof is hereby annexed. Said road to be fifty feet clear of fences. And we assess damages as follows, viz.: etc., etc.

Witness our hands and seals. Dated this 19th day of July, 1879.

J. W. BOICE,          [SEAL]
H. P. JACOBS,          [SEAL]
IRA C. ATHERTON,     [SEAL]
*Viewers.*

The following exceptions were filed to the report:—

1. The township, or townships, in which the road is laid, does not appear in the petition, order of appointment, or report of viewers.

2. The termini fixed in the report differ from those fixed in the petition and order.

3. The viewers were not sworn in the form and manner prescribed by law.

4. Legal notice of the meeting of the viewers to make the view was not given.

5. The viewers did not endeavor to obtain releases of damages from the owners of land over which the road was laid.

After various proceedings, by review, which were quashed, the court finally entered a decree confirming absolutely the report of the viewers, above printed.

The exceptants thereupon took this writ of certiorari, assigning for error the not sustaining the above exceptions, and the decree confirming the report of the viewers.

*H. N. Patrick* (*H. A. Fuller* and *H. W. Palmer* with him), for appellants.—The termini named in the petition are not followed in the report. This is necessary: Road in Byberry, 6 Phila., 384; Anderson's Appeal, 25 Leg. Int., 77; Ligonier Road, 21 Pitts. L. J., 92; Bean's Road, 11 Casey, 280; Springfield Road, 23 P. F. S., 127; Catharine Twp. Road, 26 Id., 189.

The report must show that notice has been given: Boyer's Road, 1 Wr., 257; Appeal of Central R. R. of N. J., 6 Out., 38.

*S. B. Price*, for appellees.—Whether notice of the view was given is a question of fact. The decision of the court below is final on that subject. It is presumed that the viewers complied with the law: Kirk's Appeal, 4 Casey, 185; Spring Garden Road, 7 Wr., 144; Middle Creek Road, 9 Barr, 69; Baldwin and Snowden Road, 3 Grant, 62.

Mr. Justice CLARK delivered the opinion of the court, March 30th, 1885.

The petition in this case was presented to the court of Quarter Sessions of Lackawanna county, by the inhabitants of the township of South Abington, for the appointment of viewers to view and lay out a public road. The county of Lackawanna was, in the year 1878, formed from the county of Luzerne, and the proceedings, therefore, are under the provisions of the special Act of 24th February, 1845, P. L. 52; Purd. Dig., 1290.

The petition is in the form recognized in general practice, and represents, that the petitioners are residents of the township named, and that they labor under great inconvenience, for want of a road, to lead from a point at or near Isaac A. Ackerley's, on a highway, leading from Newton Center to O'Donnel's hotel, and to terminate at a point on a public road, leading from Clark's Green to Newton Center, near Hendershot's spring. In view of these plain recitals, and of the court having taken cognizance, we must presume, as a fact,

that the route of the road is within the limits of the jurisdiction. In an ordinary road proceeding, in the Quarter Sessions, we cannot require that degree of technical accuracy, which must be observed, in criminal pleadings in the same court.

Viewers were appointed 19th May, 1879, and their report was confirmed nisi, on the 20th August, 1879. Pending the exceptions filed, such proceedings were had, that reviewers and re-reviewers were appointed. The report of the latter was quashed on motion of the original petitioners, and the report of the former, on motion of the remonstrants. On the 28th March, 1883, the original report of the viewers, upon due consideration of the exceptions, was confirmed absolutely. It is to this decree the errors are assigned.

It is contended, upon part of the remonstrants, (1) that the termini fixed on the report differ from those fixed in the petition and order; (2) that the viewers were not sworn in the form and manner prescribed by law; (3) that notice of the meeting of the viewers was not given; (4) that the viewers did not endeavor to obtain releases of damages from the land owners, or consider the advantages accruing to them in the assessment, and (5) that the signatures of the viewers are not identical with the names written in the order.

The termini of the proposed road are certainly stated in the petition with sufficient precision, and we think the report, when taken with the annexed draft, which is properly a part of it, shows that the terminal points of the road reported are identical with the termini proposed in the petition. The draft shows that the road, as laid out, begins at a point in a public road at I. T. Ackerley's, and terminates in another road, which in the report is stated to be the road leading from Newton Center to Clark's Green, at a point about four rods east of Hendershot's spring. It is very plain, therefore, that this assignment of error is without merit.

The viewers state in their report that they were "first severally sworn in the form and manner prescribed by the said order and according to law." This the record discloses, and on the hearing of a certiorari, we are of course confined exclusively to the record. Extraneous testimony upon this question, if of a satisfactory character, might have been material in the consideration of the case by the court below, but, as the testimony is no part of the record, it cannot be considered here. Applying the maxim, *omnia præsumuntur rite esse acta*, we must assume that the oath was in the form prescribed by the Act of Assembly: In re Paschall Street, 31 P. F. S., 118; Road in Donegal, 9 Norris, 190.

In the Act of 1836 there is no provision made for notice; it

may have been supposed that the presentation of a petition to the court, the appointment of viewers, their actual appearance upon the ground, the view and survey of the route, and the filing of their report, were circumstances of such notoriety as would put all parties on their guard (Baldwin & Snowden Road, 3 Grant, 62), and that the intervention of a whole term of court gave full opportunity for knowledge, and for preparation to resist the confirmation. But, as the appropriation of a man's property and the assessment of his damages, without notice, is repugnant to every principle of justice, it was held in a number of cases, under the Act of 1836, notably in Neeld's Road, 1 Barr, 355; Boyer's Appeal, 1 Wr., 257, and Central Railroad Co.'s Appeal, 6 Out., 38, that notice to the property-owner is absolutely essential to the validity of the view or assessment.

But whether such notice was given or not is certainly a pure question of fact, and it has in numerous cases been held by this court, that the decision upon it in the court below is final, therefore not the subject of review. We are aware that in some cases it has been said that the fact must appear in the viewer's report, and that if it does not so appear the proceedings are void. We are of opinion, however, that neither the general statute of 1836 nor the special statute of 1845, in force in Lackawanna county, will reasonably admit of such a construction. It is certain that in a number of cases this court has most explicitly ruled otherwise, and we think these rulings are in conformity with the general practice, and in accord with the uniform understanding of the profession throughout the state.

If it be true, in any proper sense, that all road proceedings and decrees, in which the fact of notice is not disclosed of record, are absolutely void, a large part of the highways throughout the Commonwealth, we fear, have been opened, and are now maintained without any authority of law. Whether what has heretofore been said in this court, as to the essentiality of record evidence of notice, has resulted from the adjudication of cases, arising under statutory provisions of a local and special character, we cannot say, but we are clear in our convictions now, that such a requirement cannot be fairly inferred from any provision of the general law, or of the Act of 1845, under which this case is to be considered.

In re Road in Middle Creek Township, 9 Barr, 69, which was a case under the Act of 24th February, 1845, it was expressly ruled that it was not essential that the fact that the viewers gave notice by advertisement of the time and place of their assembling to view a road, should appear in their report. Mr. Justice BELL, delivering the opinion of the court, says:

[Road in South Abington Twp.]

" The Act of 24th February, 1845, under which it was commenced, requires that the three viewers shall view, and that before doing so they shall give notice, by advertisement, when and where they will assemble for the purpose.   But it is not necessary these facts should be affirmed on the face of the report.   The Act of 1836 and the prior road laws require at least five of the six viewers to view the ground proposed for the road, but it was determined to be unnecessary specially to aver this in the report.   It is enough if shown, *per testes*, to the Quarter Sessions, on exceptions filed : Road to McCall's Ferry, 13 S. & R., 25.   For, too, although notice to landholders and parties interested of the time fixed for the view has, under the general laws, been deemed essential, it may sufficiently be shown by parol, and such is the constant practice.   The presumption is that the requirements of the statutes have been complied with by the viewers, and therefore it is not necessary specially so to state on the report, unless specially required by the Acts regulating the subject : Schuylkill Falls Road, 2 Binn., 250 ; Spear's Road, 4 Binn., 174 ;  Road to McCall's Ferry, 13 S. & R., 25."

In Kirk's Appeal, 4 Casey, 185, a case under the General Act of 1836, Chief Justice LEWIS says :—" This is an appeal from the decision of the Court of Quarter Sessions, confirming the report of viewers in a road case.   The objection is that no notice was given of the meeting of the viewers.   That objection was heard and disposed of in the court below.   It is a question of fact which is not the subject of review here."

In Spring Garden Road, 7 Wr., 144, a case commenced under the general law, and continued by review and re-review under the Act of 1845, it was said : " We do not review the facts here, and therefore we cannot say that there was any want of proper notice of the time of holding any of the views, or that this road is a mere cul de sac."   So also in Road in Springdale Township, 10 Norris, 264, where the viewers' report set forth simply, " that they met pursuant to legal notice," without stating in what manner, or to whom, or where, that notice was given, our brother PAXSON said, " the question of notice is one of fact, and we may well presume the court below decided it correctly."

It *is* required that the viewers' report shall state particularly ; " first, who of them were present at the view ; second, whether they were severally sworn or affirmed ; third, whether the road desired be necessary for a public or private road ; " also that the viewers shall " annex and return to the court a plot or draft thereof, stating the courses and distances, and noting briefly the improvements, through which it may pass."

[Lee *v.* Woolsey.]

These are the requisites of a report, as defined by the Act of 1836, and they do not materially differ under the Act of 1845.

We are of opinion, therefore, although the cases are certainly conflicting, that notice need not appear upon the face of the viewers' report; that it may be established aliunde as other matters of fact involving the merits are established, and that it is finally adjudicated in the decree of confirmation.

Nor is it necessary, to the validity of a report, that the viewers should state in it that they have endeavored to obtain releases, nor that in the assessment of damages they have taken into consideration the advantages accruing to the land-owner from the opening of the road. It will be presumed that the viewers performed their duty and that all things were rightly done unless the contrary be shown. That this is the rule under the Act of 1845 was decided in McConnell's Mill Road, 8 Casey, 285, and in Road in Chartiers, 10 Casey, 413, and the General Act of 14th May, 1874, contains precisely the same provision in this respect.

The exception to the identity of the persons named in the order, with those signing the report, was not urged in the argument. The initial letter of the second Christian name of one of the viewers was omitted in the order, but appeared in the signature appended to the report. Personal identity is a question of fact, and the entry of the decree in the court below conclusively establishes that fact. The review and the re-review having both been quashed for irregularity are of no consequence in the case.

The proceedings in the Quarter Sessions are therefore affirmed, and the record remitted.