IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

## WESTERN DISTRICT—PITTSBURGH, 1891.

### ANNEXATION TO ELK TP. SCHOOL DISTRICT.

APPEAL BY SCHOOL DISTRICT FROM THE COURT OF QUARTER SESSIONS OF CLARION COUNTY.

Argued October 7, 1891—Decided January 4, 1892.

1. From the order of the Court of Quarter Sessions, annexing lands in one township or borough to another township or borough for school purposes, under the act of April 17, 1876, P. L. 38, no appeal to the Supreme Court is given, to authorize the proceedings to be reviewed on their merits. An appeal under the act of May 9, 1889, P. L. 158, brings up nothing but the record.
2. A report of viewers, that they "have viewed the lands mentioned in said order, with the surroundings, in reference to the school facilities, the location of the schoolhouses, and the public roads to said schools," and are of the opinion that the lands in question should be annexed, is sufficient, without showing that they inquired "into the propriety of granting the prayer of the petition." *

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 141 October Term 1891, Sup. Ct.; court below, No. 4 November Term 1889, Q. S.

---

* See § 14, act of April 15, 1834, P. L. 539.

Statement of Facts.

On September 27, 1889, W. F. Black, W. H. Berlin and J. B. Carson, residents and landowners of Beaver township, Clarion county, presented their petition praying upon the averments therein made, that their several tracts of land, adjacent to the township of Elk, should be annexed to said township for school purposes, but to remain connected with Beaver township for all other purposes; viewers appointed: See act of April 17, 1876, P. L. 38.

On November 11, 1889, the viewers filed a report setting forth that after having given notice, etc., they met on the lands mentioned in said order, and after being duly sworn, etc.: "We have viewed the lands mentioned in said order, with the surroundings, in reference to the school facilities, the locations of the schoolhouses, and the public roads to said schools. We are of the opinion that the prayers of said W. F. Black, W. H. Berlin and J. B. Carson should be granted, and they be annexed to the township of Elk for school purposes. We annex a plot, or draft of the said townships of Beaver and Elk (outside boundaries) and showing location of the said lands of Black, Berlin and Carson, with the following boundaries, viz.: Commencing . . . . . to place of beginning, containing one hundred and ninety-five acres, more or less. We attach notice of acceptance of the time and place of our meeting, by the president and secretary of school boards of Beaver and Elk townships."

To said report the school district of Elk township filed the following exceptions:

1. That the annexation of territory, if made, will be thrown into the sub-school district in the said township of Elk, known as the Elk City school, which is already full, having an enrolment of forty-four pupils, and as many children attending the same as can reasonably be accommodated.[1]

2. If the lands of the petitioners are annexed as proposed, it will increase the number attending this school at the present time, at least eleven; and will necessitate the establishment of an additional school, at an annual expense of over two hundred dollars to the said township of Elk.[2]

3. That the petitioners have ample school facilities in their own districts, in the township of Beaver, where their children can attend the public school nearly, if not quite, as conveniently as they could the said Elk City school.[3]

4. That if the proposed addition of territory is made, it will disarrange the schools and their management in Elk township, and serious inconvenience and expense will ensue.[4]

7. The report of the commissioners is fatally defective, in that it does not appear that they "inquired into the propriety of granting the prayer of the petitioners," as by law and the said order they were directed and required to do; and the said report does not contain any explicit opinion of the said commissioners as to the expediency and propriety of granting the prayer of the petitioners as required by law.[5]

Depositions were then taken and filed by both petitioners and exceptant; and on June 2, 1890, all the proceedings were referred to *Mr. F. R. Hindman*, as auditor, to report on the law, the facts, and a form of decree.

On September 22, 1890, the auditor filed a report dismissing all the exceptions and recommending a decree in accordance with the prayer of the petition, and the form thereof. The exceptions to the report of the auditor having been argued, the court, WILSON, P. J., on April 27, 1891, dismissed said exceptions, confirmed the report, and entered the decree recommended. Thereupon the exceptant took this appeal, specifying that the court erred:

1–5. In dismissing the exceptions to the report of the viewers.[1 to 5]

6. In entering the final decree.

*Mr. John W. Reed* (with him *Mr. Harry R. Wilson*), for the appellant.

Counsel cited: (1) Freeman v. School D., 37 Pa. 385; Heard v. School D., 45 Pa. 93; Watson's Pet., 1 Chest. Co. R. 496; § 23, act of May 8, 1854, P. L. 621. (2) Macungie Tp., 14 S. & R. 67; Harrison Tp., 5 Pa. 447; Limestone Tp., 11 Pa. 270; Brown v. Fowzer, 114 Pa. 446.

*Mr. B. J. Reid* and *Mr. F. J. Maffett*, for the appellees, were not heard.

PER CURIAM:

This was an appeal of the school district of Elk township from the order of the Court of Quarter Sessions of Clarion county

annexing certain lands to the school district. As no appeal lies in such case, we can only consider it as upon the certiorari, which brings up nothing but the record.

The first four specifications go to the merits, with which we have nothing to do.

The fifth specification alleges that " the report of the commissioners is fatally defective, in that it does not appear that they inquired into the propriety of granting the prayer of the petitioners," etc. The report sets forth that they " have viewed the lands mentioned in said order, with the surroundings, in reference to the school facilities, the locations of the schoolhouses, and the public roads to said schools." The commissioners then proceed to state that they are of opinion the lands in question should be annexed to the school district. This we think quite sufficient. It is true, they do not use the very language of the act of assembly, but they do show that they have considered the very matters necessary to an intelligent judgment, and that, as the result of such consideration, the prayer of the petitioners should be granted.

The appeal is quashed, at the costs of the appellant, and the proceedings affirmed upon the certiorari.