## Diamond Street, Pittsburg.

*Appeals—Certiorari.*

An appeal in name may be a writ of error or a certiorari in legal effect, and it is necessary in every case to look into the record and determine at the outset whether what is called an appeal is such in fact, or is a writ of error or a certiorari.

*Appeals—Certiorari—New jurisdiction—Judicial abuse.*

Where a new jurisdiction is created by statute and the court or judge

exercising it proceeds in a summary method or in a new course different from the common law, a writ of error does not lie, but a certiorari.

*Certiorari—Testimony—Opinion of the court.*

On a certiorari neither the testimony nor the opinion of the court below is brought with the record into the appellate court.

*Appeals—Road law—Act of May* 16, 1891, *P. L.* 79—*Certiorari.*

Under the act of May 16, 1891, no appeal lies from a decision of the court of common pleas determining whether a public improvement was petitioned for by a majority in interest and number of owners of property abutting on the line of the proposed improvement; and on certiorari the Supreme Court has no authority to go into the evidence in the case and review the findings of fact that a proper majority had petitioned for the improvement.

Argued March 14, 1900.   Appeal, No. 197, Oct. T., 1899, by Pittsburg Opera House Company and George V. Marshall, from decree of C. P. No. 2, Allegheny Co., April T., 1899, No. 703, sustaining exceptions to master's report on petition to widen Diamond street in the city of Pittsburg.   Before McCollum, Mitchell, Dean, Fell and Brown, JJ.   Affirmed.

Exceptions to report of master on petition for widening Diamond street in the city of Pittsburg.

From the record it appeared that the proceedings were under the act of May 16, 1891.   The case was referred by agreement to Thomas Herriott, Esq., as master, who reported that twenty owners of property abutting on the street had signed the petition, and that the owners of twenty properties had not signed it. He therefore recommended that the ordinance passed in pursuance of it should be quashed.   On exceptions, White, P. J., found as a fact that there had been twenty-one petitioners and eighteen nonpetitioners.   Exceptions to the master's report were accordingly sustained, and the ordinance was approved.

*Errors assigned* were in sustaining exceptions to the master's report, and in approving the ordinance.

*D. T. Watson,* of *Watson & McCleave,* with him *Dalzell Scott & Gordon* and *W. F. McCook,* for appellants.—The jurisdiction of this court to review all proceedings in the lower court is not to be frittered away or lessened by ingenious rea-

soning, but is to be upheld and sustained: Appeal of the Commissioners of Northampton County, 57 Pa. 453; Act of May 22, 1722; Pollard's Petition, 127 Pa. 522; Matter of Bryson's Road, 2 Penrose & Watts, 210; Kimber v. Schuylkill County, 20 Pa. 368; Jones v. Tatham, 20 Pa. 410; President, etc., of Schuylkill Nav. Co. v. Thoburn, 7 Serg. & R. 418; Citizens Gas-Light Co. v. Board of Assessors, 39 N. Y. 81; In re Lauterjung, 48 N. Y. Superior Ct. 308; People v. Smith, 45 N. Y. 776; People v. Assessors of the City of Albany, 40 N. Y. 154.

It is sometimes stated that the certiorari only brings up the record, and, while this is true, what constitutes the record in one case may be quite different from what constitutes it in another. The decisions in this court are full and illustrate and explain what constitutes the record in several different cases: Kimber v. Schuylkill County, 20 Pa. 368; Matter of Bryson's Road, 2 Penrose & Watts, 208; Com. v. Richards, 131 Pa. 209; Pollard's Petition, 127 Pa. 508; Fleming & Son's Petition, 127 Pa. 523; Carlson's License, 127 Pa. 330; Robb's Nomination, 188 Pa. 212; Vaux's App., 109 Pa. 503; Shippen v. Gaines, 17 Pa. 38.

It will be noticed that in all the license cases this court examined the petition, the remonstrance, where there was one, and the opinion of the court, to ascertain if there had been a judicial hearing, and whether the license was refused for a legal reason. If, from the opinion, it appeared that the license was refused for an illegal reason, this court as in Pollard's case, reversed.

If power of the lower court was improperly and illegally exercised; if on admitted facts the court decided contrary to law, then this court may, and it becomes its duty, upon proper application made to revise, and, in a proper case, reverse the court below where its decree is based upon such erroneous decision: In re Germantown Ave., 99 Pa. 479; People v. Goodwin, 5 N. Y. 571; People v. Van Alstyne, 32 Barb. (N. Y.) 131; Curtis v. Wilcox, 74 Mich. 69; 2 Dillon's Municipal Corporations (4th ed.), sec. 928; Jackson v. The People, 9 Mich. 111; Milwaukee Iron Co. v. Schubel, 29 Wis. 444; Chase v. Miller, 41 Pa. 412; People v. Smith, 45 N. Y. 772.

Even if the act expressly stated that the decision of the court of common pleas should be final, the Supreme Court would still

have jurisdiction to review its decision upon certiorari : Mauch Chunk v. Nescopeck, 21 Pa. 46 ; Sunbury v. Dauphin, 1 Am. Law Jour. 77.

*J. H. Beal,* with him *Knox & Reed* and *Clarence Burleigh,* for appellee.—The decision of the court of common pleas, that the petition for the improvement was signed by a majority in number and interest of the owners of property abutting on the line of the proposed improvement, and approving the ordinance, is final and conclusive, and no appeal, therefore, lies to this court : Ruhlman v. Com., 5 Binney, 24; Gangewere's App., 61 Pa. 342; Thomas v. Upper Merion Twp., 148 Pa. 116 ; Annexation to Camp Hill Borough, 142 Pa. 511; Annexation to Elk Twp. School District, 146 Pa. 1; Robb's Nomination, 188 Pa. 212.

By a review of the regularity of the inferior tribunal's proceedings is meant an inquiry whether the form of proceeding legally applicable to the case was followed, and not whether the rulings of the court upon the law and the evidence and in the application of the law to the facts were correct : Carpenter's Case, 14 Pa. 486 ; Appeal of Commissioners of Northampton County, 57 Pa. 452 ; Esling's App., 89 Pa. 205 ; In re Germantown Ave., 99 Pa. 479; Election Cases, 65 Pa. 20 ; In re Kensington & Oxford Turnpike Co., 97 Pa. 260; Com. v. Gillespie, 146 Pa. 546 ; Com. v. Ramsay, 166 Pa. 642.

That neither the evidence, the report of the master nor the opinion of the court below is any part of the record before this court in the present case, is, we think, clearly shown by the following cases : Bradford Twp. v. Goshen Twp., 57 Pa. 495; In re Road in Upper Dublin and Whitemarsh Twps., 94 Pa. 126 ; Com. v. Ramsay, 166 Pa. 642.

It is further suggested that this court will examine as to whether the court below decided questions of law arising during the consideration of the case contrary to law. The plain answer to this proposition is, that to so hold would be to give to a writ of certiorari the whole legal effect of a writ of error, and this certainly it does not have : In re Hamilton Street, 148 Pa. 640 ; Com. v. Ramsay, 166 Pa. 642 ; Pollard's Petition, 127 Pa. 507 ; Union Canal Co. v. Keiser, 19 Pa. 134 ; Penna. R. Co. v. German Lutheran Congregation, 53 Pa. 445.

OPINION BY MR. JUSTICE DEAN, May 21, 1900:

Diamond street, or alley, in the city of Pittsburg connects two of the principal streets, Wood and Smithfield; it also extends from Wood to East Diamond street. Between Wood and Smithfield, it is now twenty-five feet wide, and between Wood and East Diamond only twenty feet. For some years, there has been a demand that it be widened because public interests and convenience so required. On November 28, 1898, a petition was presented to councils by the owners of property fronting on the street, praying for the passage of an ordinance to widen the street between Smithfield and East Diamond to a uniform width of fifty feet. An ordinance to that effect was adopted unanimously by councils. The action of councils was taken, under the 10th section of the general act of 1891, which provides that a majority in interest and number of property owners, whose property fronts on the line of the proposed improvement shall petition for the same; and further, that any person interested and denying the fact that said petition was so signed, may appeal within sixty days to the court of common pleas, and there present a petition, setting forth the facts, whereupon said court should inquire and determine whether said improvement was petitioned for by the required majority, and if said court should find that it was not so petitioned for, it should quash the ordinance, but if it should find it was so petitioned for, it should approve the ordinance. Under this provision the Opera House Company and Marshall appealed, and presented their petition, denying that the petition to councils had been signed by a majority in interest and number of property owners fronting on the line of the proposed improvement. The court, after full hearing, decided that the petitioners to councils were a majority in number and interest, and therefore approved the ordinance. From that decree comes this appeal, assigning for error the conclusion of the court, to wit: that a majority in interest and number of property owners on the line of the proposed improvement had signed the petition to councils.

The first question raised is by appellee, the city, which moves to quash the appeal for want of jurisdiction in this court to review the proceedings in the court below. This case is named in the writ appeal and certiorari; is it one or both? In Rand v.

King, 134 Pa. 641, it is said, "An appeal in name may therefore be a writ of error, or a certiorari in legal effect; and it is necessary in every case to look into the record and determine at the outset of our examination, whether what is called an appeal, is such in fact, or is a writ of error or a certiorari." And in Annexation to Camp Hill Borough, 142 Pa. 511, it was held that the act of May 9, 1889, did not extend the right of review or modify its exercise. "It simply provides that all appellate proceedings in the Supreme Court, heretofore by writ of error, appeal or certiorari, shall hereafter be taken in a proceeding to be called an appeal."

The petition of appellants to the court below avers:

" That in the said act of assembly it is provided that councils shall have no jurisdiction to widen any street or alley, unless they are first petitioned so to do by a majority in interest and number of the owners of property abutting on the line of the improvement.

" That prior to the passage of the ordinance a petition was presented to councils by certain parties, who alleged that they were a majority in numbers and interest of the abutting property owners.

" That the persons who signed the petition are not a majority in either interest or number of the owners of property abutting upon the proposed improvement."

Then in response to the rule to show cause, the city answers by a specific denial of these averments, and alleges that the petitioners to councils did constitute a majority both in number and interest. This raised an issue of pure fact, which in an action at law would have been submitted to a jury under proper instructions from the court. Then on inspection of the twelve assignments of error preferred before us, we discover that every one of them accuses the court below of error in its finding of the fact raised by this issue. No abuse of discretion is alleged only a mistaken exercise of it. Nor is it intimated that the court overstepped the boundary of its power. Have we jurisdiction to review this discretion, thus exercised, on appeal? The jurisdiction of the court below was purely statutory. The legislature might have conferred on councils the right to widen the street without being first petitioned to do so by a majority in interest and number of property owners;

it might have stopped just there; but it went further and not only made the petition a condition precedent, but gave a right of appeal to the common pleas within sixty days by any one interested. The statute however gave no further remedy to the discontented property owner. The purpose, doubtless, was to prevent the delay incident to prolonged litigation over a public improvement which touched on the property rights of individuals. Judicial observation has taught us that of which the legislature was not ignorant, that of all contentions which promote belligerency and bitterness, with their consequent pertinacity of purpose those which arise from the exercise of the right of eminent domain are the most frequent and conspicuous. This then being an appeal on the merits with no statutory right of review in this court, let us notice the decisions.

The doctrine is thus stated by Mr. Chief Justice TILGHMAN, in Ruhlman v. Commonwealth, 5 Binney, 24, decided in 1812: "The general rule is that where a new jurisdiction is created by statute, and the court or judge exercising it proceeds in a summary method or in a new course different from the common law, a writ of error does not lie but a certiorari."

In Gangewere's Appeal, 61 Pa. 342, it was held that where township officers were authorized to appeal from the decision of the auditors upon the settlement of their accounts, to the court of common pleas, that the decision of the court of common pleas was final. In the opinion of Mr. Chief Justice THOMPSON, this is said: "The act of April 15, 1834, provided for an appeal by township officers from the settlement of their accounts, to the court of common pleas; but there is no provision for an appeal from the decision of the latter to this court, and as the whole system is statutory we cannot assume jurisdiction of such an appeal without statutory authority."

To the same effect are Thomas v. Upper Merion Twp., 148 Pa. 116, Camp Hill Borough, supra, Annexation to Elk Twp. School Dist., 146 Pa. 1, and many other cases, the last being Robb's Nomination, 188 Pa. 212, decided only two years ago.

Appellants apparently concede the weight and uniformity of the authorities on this question, viewing the writ as an appeal. But it is argued, treating the writ as a certiorari, the record brings up the councilmanic petition as part of it, and

this court determines whether, as a legal conclusion, the statutory requisites have been complied with. The court below, it is true, does determine whether the petition meets the requirements of the statute, but it arrives at such determination by first finding the fact on which alone that conclusion is based. If the fact which it found from the evidence, was that a majority in interest and number of the property owners had signed the petition, its legal conclusions were correct however mistaken may have been the findings of fact or however unsound the reasoning or unwarranted the inferences which led up to such finding; it was a judgment of law on the facts, and not one dictated by any irregularity in the proceedings, or abuse of authority by councils or court. To pass on the case, we would have to take up the evidence, and ascertain if it warranted the finding of facts. This we cannot do on a certiorari. In Election Cases, 65 Pa. 20, AGNEW, J., in delivering the opinion of the court, citing many of the cases, and repeating what LOWRIE, C. J., said in Ewing v. Filley, 43 Pa. 384, says: " That neither the testimony nor the opinion of the court, is brought with the record by a certiorari, has been reiterated over and over again." Put aside, then, this testimony and opinion of the court, what record have we? A petition, regular in form under the act, purporting to be signed by a majority of the property owners in interest and number, along the line of the proposed improvement, accepted as such by councils, and an ordinance passed in accordance therewith; an appeal to the court within sixty days, and petition denying the material averments of fact in the petition to councils; a rule on the city to show cause why the ordinance should not be quashed; an answer thereto, reaverring the facts of the original petition; a hearing by the court, followed by a decree approving the ordinance. So far as we have jurisdiction to inquire, the proceeding by the record is regular throughout, and although complaint is made by appellants of vagueness in the legislative directions, as to the form of the remedy, they practically concede, that the record, to the extent we have just noticed, is regular; they only argue that is not all of it; we think it is, and decline to go outside to indulge in a review of the merits, over which the statute has given us no jurisdiction.

The eminent counsel for appellant has cited many cases

which it is argued would warrant this court in an inquiry into the evidence on which the finding of fact by the court below is based. A careful consideration of them convinces us that not one of them goes so far as we are asked to go in the case before us. In Kimber v. Schuylkill County, 20 Pa. 368, on a certiorari, the statutory reasons for dismissing the appeal from taxation, did not appear of record; here, they do appear of record. In Bryson Road Case, 2 P. & W. 208, this court quashed the entire proceeding because it did not appear of record that the jury of view was sworn; before reaching a decree, depositions were read to ascertain what was the fact in that particular, because the act of assembly expressly enjoined they should be sworn before they performed their duties. We gather, from the meager report of the case, that it did not appear of record that the jurors were not sworn, and the court looked into the depositions to ascertain whether there had been an omission to put an important fact upon record. In Commonwealth v. Richards, 131 Pa. 209, this court on an appeal from the decree of the court of quarter sessions on a charge of desertion, held that a deed of separation set out at length in a bill of exceptions to an offer of testimony, barred any decree for support. The deed was made part of the record, and came up with a bill of exceptions. Then follows the citation of a number of liquor cases which reached this court on certiorari. We concede that the constructions first given a new statute may sometimes be apparently inconsistent, but we came to a settled conclusion to which we have adhered, in Pollard's Petition, 127 Pa. 508, thus:

"We are in no doubt as to our power to revise the decision below on this writ. . . . The granting of wholesale licenses is a matter specially committed by acts of assembly to the courts of quarter sessions. Upon the writ of certiorari you may review their proceedings, so far as to see whether they have kept within the limits of the powers thus conferred and have exercised them in conformity with law. We are of the opinion that those powers have been exceeded in this instance, and that upon the face of this record, the petitioner was entitled to her license."

In the case before us it is not alleged the court below exceeded its powers, or that in the exercise of them it did not

conform to the law.   The argument is it was mistaken as to the controlling fact and was therefore wrong in its conclusions of law therefrom.

In the election cases cited, McCowin's Appeal, 165 Pa. 233, and others, we examined the ballots to ascertain if they had been marked as the statute required.   The ballots were clearly part of the record, just as the petition to councils here is part of the record; having them before us, we were bound to ascertain from their face, whether the marking conformed to the statute; we went no further; we did not go behind the ballot to inquire whether the voter was qualified.   Here if it were alleged the petition to councils did not conform on its face to the statute we would be bound to ascertain whether it did; but we cannot go back of it to inquire whether the petitioners told the truth.   As we have already said, we think there is no authority which would warrant us on a certiorari, in going into the evidence in this case; therefore the writ is quashed at costs of appellants.