# Fifty-fifth Street.

*Road law—Practice—Appeals—Evidence—Exceptions—Certiorari.*

On an appeal from an order confirming a report of a jury of view appointed under the provisions of the Acts of April 21, 1855, P. L. 264, and April 1, 1864, P. L. 206, to assess the damages and benefits caused by the opening of a city street, the certiorari does not bring up the evidence submitted to the jury of view or to the court below. If the ordinance opening the street was made part of the petition for the appointment of viewers, the appellate court will assume that it is to be considered.

Where exceptions to the report of viewers have been dismissed, the appellate court cannot presume that the facts set forth in the exceptions were established by competent evidence to the satisfaction of the court; nor can it look at the evidence, even though it be printed in the appellant's paper-

book, for the purpose of ascertaining whether or not the court below ought to have reached a different conclusion.

If a party assessed for benefits thinks himself aggrieved by the findings of a jury of view upon questions of fact, he should appeal from the report.

*Road law—Dedication of land—Benefits.*

A proviso in an ordinance for the opening of streets that certain land owners shall " first enter into a satisfactory agreement to dedicate to the city free of cost all land within the bed of said streets which they may own," imports no agreement upon the part of the city to release such landowners from liability to assessment for benefits.

The fact that the owners of land contribute to the making of a particular improvement does not warrant the conclusive presumption that the land given by them was in fact, or was accepted by the city, as the full equivalent of the special and peculiar benefits accruing to their property.

Argued Oct. 19, 1900. Appeal, No. 184, Oct. T., 1900, by Clifford Pemberton, Jr., from order of Q. S. Phila. Co., dismissing exceptions to report of jury of view in In re Opening of Fifty-fifth Street from Wyalusing Avenue to Master Street. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Exceptions to report of viewers.

The exceptions were in effect that the jury erred in asessing the sum of $2,200 against exceptants for benefits; that an agreement recited in the exceptions by which Pemberton & Company agreed to dedicate to the city all the land within the bed of the streets to be opened, which they might own, in compliance with the ordinance requiring such an agreement, relieved Pemberton & Company from liability for assessments for benefits.   The court, in an opinion by BEITLER, J., dismissed the exceptions.

*Error assigned* was in dismissing exceptions.

*Elias P. Smithers*, with him *Furman Sheppard Phillips*, for appellant.—It is submitted first that the facts of the case show a contract between Pemberton and the city to the effect that the city in consideration of the dedication of his land would open Fifty-fifth street without additional burdens upon him: Howard St., 142 Pa. 605 ; Wilbur St., 8 Pa. C. C. R. 477 ; Ore-

gon St., 12 W. N. C. 123; Snyder Ave., 37 Legal Int. 26; Twenty-eighth St., 102 Pa. 140; Wetherill v. Penna. R. Co., 195 Pa. 158.

The exceptant having borne his share toward making the improvement, that is, providing the street, he cannot be subjected to further burdens: Hammett v. Philadelphia, 65 Pa. 146; Verona Borough's App., 4 Pa. Superior Ct. 610; Orkney St., 9 Pa. Superior Ct. 613; Morewood Ave., 159 Pa. 25.

*J. Lee Patton*, with him *James Alcorn*, assistant city solicitor, and *John L. Kinsey*, city solicitor, for appellee.—The testimony before a jury of view does not form a part of the record, and consequently the court has nothing before it upon which to determine questions of fact: Montgomery County's Appeal, 148 Pa. 640; Keller's Private Road, 154 Pa. 547; Troubat Avenue, 10 Pa. Superior Ct. 27.

The dedication of a street does not exempt the property from liability for benefits for the opening of the street: Atlantic Ave., 14 Pa. Superior Ct. 117; State v. City of Hudson, 34 N. J. Law, 25; Hansbery Street, 7 Pa. Dist. Rep. 505.

OPINION BY RICE, P. J., January 22, 1901:

This is an appeal from an order confirming a report of a jury of view appointed under the provisions of the Act of April 21, 1855, P. L. 264, and the Act of April 1, 1864, P. L. 206, to assess the damages and benefits caused by the opening of a city street. The certiorari issued in such a case does not bring up the evidence submitted to the jury of view or to the court below. As the ordinance opening the street was made part of the petition for the appointment of viewers, we assume that it is to be considered; but the contract, deed and other agreements subsequently entered into between the appellant and the city are not, even though they are set forth in the exceptions. Facts are not brought upon the record by averring them in the exceptions. If the facts set forth in the exceptions would be sufficient to warrant the court in setting aside the report, and the court had sustained the exceptions, the presumption upon appeal would be that these facts were established by competent evidence to the satisfaction of the court; but no such presumption can be made by an appellate court when the exceptions

have been dismissed. Nor can we look at the evidence, even though it be printed in the appellant's paper-book, for the purpose of ascertaining whether or not the court below ought to have reached a different conclusion. These familiar principles governing the review of cases when a new jurisdiction is created by statute, and the court or judge exercising it proceeds in a summary method or in a new course different from the common law, have been declared in numberless cases, and nowhere more clearly than in the opinion of Mr. Justice DEAN in the recent case of Diamond Street, 196 Pa. 254. There is no temptation to depart from these well settled rules in a proceeding of this nature; for, if the party assessed for benefits thinks himself aggrieved by the findings of the jury of view upon questions of fact, he has a right to appeal from the report, which it is said he has done in the present case, and to have a jury trial. Moreover it is not contended that any city officer had authority to bind the city by any other or different contract than that authorized by the ordinance itself. The case turns on the construction of the ordinance.

The ordinance contains this proviso: "Provided that Pemberton and Company first enter into a satisfactory agreement to dedicate to the city free of cost all land within the bed of said streets which they may own." Presumably, Pemberton and Company complied with this condition by entering into such agreement; but for the reasons above stated, nothing further is to be presumed. Thereupon the ordinance became effective. The appellant having accepted the proposition of the city, it may be conceded that by so doing a contract was made between them. The appellant's contention is that, in effect, the contract thus made was, that the city in consideration of the dedication of his land would open the street without additional burdens upon him. This, it seems to us, imports something into the contract that was not expressed, and is not necessarily or reasonably to be implied from the transaction. The appellant promised not to claim damages, but the city did not release him from liability to assessment for benefits, if in fact he was benefited more by the opening than the value of the land he dedicated. It is not to be supposed that the city intended to discriminate in his favor and put him in a better position than other persons whose land would be taken. The

opening of the street without releasing him from such liability may have been a full and adequate consideration for his promise. It is not to be presumed that it was not so; therefore nothing is to be guessed or implied from supposed inadequacy of consideration. To repeat what we said in the Thirteenth street case (No. 166, October term, 1900), the fact that he contributed to the making of this particular improvement does not warrant the conclusive presumption that the land given by him was in fact, or was accepted by the city, as the full equivalent of the special and peculiar benefits accruing to his property.

We concur entirely with the conclusions expressed in the opinion of the learned judge of the court below as to the effect of the appellant's compliance with the conditions prescribed in the ordinance. As to the power of councils to authorize the making of a contract releasing the landowner from liability to assessment for benefits and the city from liability for damages, we deem it unnecessary to express an opinion. We are of opinion that no such contract was authorized by this ordinance.

All the assignments of error are overruled and the order of the court below is affirmed.