# Springdale Township.

*Appeals—Certiorari—Quarter sessions—Enumeration of population in townships—Act of May* 11, 1901, *P. L.* 160.

In proceedings under the Act of May 11, 1901, relating to the enumeration of inhabitants of townships, where exceptions to the commissioner's report raise pure questions of fact, the decision of the quarter sessions is conclusive, inasmuch as the evidence, which is not a part of the record, is not before the Superior Court.

Where in proceedings under the Act of May 11, 1901, P. L. 160, the court of quarter sessions does not refer the commissioner's report back to him for correction, but modifies the same, after considering exceptions filed, the Superior Court in the absence of anything to show the contrary, must presume that the report as modified by the court is correct.

Argued April 17, 1902. Appeal, No. 97, April T., 1902, by Harry E. Armstrong, from order of Q. S. Allegheny County, Sept. T., 1901, No. 48, on exceptions to report of commissioner in the matter of the Enumeration of the Inhabitants of Springdale Township. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to commissioner's report.

The following exceptions were filed to the commissioner's report:

1. The commissioner, D. L. Lang, did not carefully canvass the township of Springdale by going from house to house and making a true enrollment of the inhabitants thereof.

2. The report of the said D. L. Lang, commissioner, is not correct in that it contains a large number of names of persons who are not actual bona fide inhabitants of Springdale township.

3. The commissioner, D. L. Lang, errs in finding and reporting that the population of said township of Springdale is 1,557, the number of actual bona fide inhabitants being much less than the number so reported.

4. The report of said commissioner, D. L. Lang, shows the following names to be reported twice.

(Here follows a list of sixteen names.)

5. The commissioner, D. L. Lang, erred in reporting the following names as the names of persons who are actual bona fide

inhabitants of the said township of Springdale, no such persons residing in the said township of Springdale.

(Here follows a list of about 120 names.)

6. The commissioner, D. L. Lang, erred in reporting as bona fide inhabitants of the township of Springdale, a large number of persons employed by A. M. Winspur & Company, who are engaged in building a coal road for the Allegheny Coal Company, and are employees of the contractor, and are residing in tents and are in the township of Springdale temporarily only and for the purpose aforesaid, to wit : the building of the railroad.

(Here follows a list of fourteen names.)

7. The commissioner, D. L. Lang, erred in reporting as bona fide inhabitants of the township of Springdale a large number of persons employed by W. L. Davis, who are engaged in sinking two coal shafts for the Allegheny Coal Company.

(Here follows a list of fourteen names.)

By writing filed on December 24, 1901, the averments contained in above exceptions were admitted by counsel for petitioners to be true.

The court made the following order:

And now, December 28, 1901, this matter came on to be heard, upon the exceptions to the report of the commissioner, and was argued by counsel; and thereupon, upon consideration thereof, and counsel for petitioners agreeing thereto, the finding of the population of Springdale, as reported by the said commissioner, is hereby modified by reducing the same from 1,557 to 1,398; and the clerk of the court is hereby directed to certify the said population of 1,398 to the county commissioners, according to law.

*Errors assigned* were (1, 2) in dismissing the first and second exceptions. (3) In finding the population of Springdale township to be 1,398.

*A. M. Thompson*, with him *James C. Gray*, for appellant.

*George E. Alter*, for appellee.

PER CURIAM, May 22, 1902:

Prior to the creation of the Superior Court, the Supreme Court was authorized to examine the proceedings of the court

of quarter sessions in any matter specially committed to it by statute, so far as to inquire and determine the extent and limits of its power and the regularity of its exercise. The proper mode of exercising this jurisdiction was by bringing up the record of its proceedings for inspection by writ of certiorari, the general rule being that when a new jurisdiction is created by statute and the court or judge exercising it proceeds in a summary method, or in a new course different from the common law, a certiorari would lie. This jurisdiction of the Supreme Court, so far as it concerned proceedings in the quarter sessions, was transferred to the Superior Court by the Act of June 24, 1895, P. L. 212, sec. 7, clause a. It extends to proceedings authorized by subsequent legislation as well as to those authorized by prior legislation, and although by the Act of May 9, 1889, P. L. 158, the revisory proceeding is called an appeal, the jurisdiction to be exercised is precisely the same as that which the Supreme Court had on certiorari prior to that act. It is confined to an examination of the record proper for the purpose of determining whether the court below has kept within the limits of the powers conferred upon it and has exercised them in conformity to law: Middletown Road, 15 Pa. Superior Ct. 167 ; Diamond Street, 196 Pa. 254. Where exceptions raise pure questions of fact, the decision of the quarter sessions must ordinarily be conclusive, because in such proceedings as this in the quarter sessions no bill of exceptions is allowed to bring the evidence upon the record. Granting, however, but without deciding the point, that the admission of the counsel for the petitioners is part of the record, it follows that the report of the commissioner was not correct in that the enrollment made by him contained a large number of names of persons not actual bona fide residents of the township. Possibly the court might have referred the report back to the commissioner for correction, but it was not bound to do so. The Act of May 11, 1901, P. L. 160, under which the proceedings were had, provides that if exceptions are filed to the report, " the court, upon consideration thereof, shall confirm the said report or modify the said finding." The court pursued the latter course, and in the absence of anything to show the contrary, we must presume that the report as modified by the court is correct.

Finding no error in the record, the order is affirmed.