## Rostraver Township Road.

*Road law—Omission of township in proceedings.*

The omission of the name of a township in a township road petition, or order to view, or report of viewers, is not cause for reversal of the order of confirmation where the termini of the proposed road are so precisely described in the petition, and the road itself is so precisely described in the report of viewers, as to leave no room for doubt as to its location.

*Road law—Exceptions—Proof outside of record.*

Where the proceedings in a road case are regular on their face, and an exception alleges a fact, to establish which proof outside the record is required and the exception overruled, it must be presumed on appeal to the Superior Court that the question of fact was correctly decided by the court below. Thus on an appeal from the quarter sessions where neither in the record proper nor in the exceptions does it appear, or is it averred that the appellant was an owner of land crossed by the road, the appellate court cannot assume that the appellant is such an owner, and that the omission of his name was fatal.

*Road law—Notice—Report of viewers.*

The fact that the report of viewers in a road case does not set forth that notice was given to the landowners and how it was given, does not render the proceedings invalid.

*Road law—Report of viewers—Improvements—Appeals.*

On an appeal in a road case it cannot be objected to the report of viewers that it failed to set forth improvements on the land where no such objection was taken in the court below.

Argued April 21, 1902.   Appeal, No. 29, April T., 1902, by Pittsburg, McKeesport & Youghiogheny Railroad, from order of Q. S. May T., 1900, No. 11, dismissing exceptions to report of viewers in In re Rostraver Township Road.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of viewers.

From the record it appeared that the Pittsburg, McKeesport & Youghiogheny Railroad filed the following exceptions to the report of viewers :

1. The township in which the road is laid does not appear in the petition, order of appointment or report of viewers.

2. The name of this exceptant as an owner of land traversed by the proposed public road does not appear in the report of viewers.

3. The viewers were not sworn in the form and manner prescribed by law.

4. No notice, legal or otherwise, of the meeting of the viewers to view the site for the proposed road, etc., was given to this exceptant.

5. No award of damages was made to this exceptant, nor was there any offer to obtain a release of the same from this exceptant by the viewers, nor is there a release from this exceptant filed with the report of viewers.

6. The report of viewers is inaccurate and incorrect in stating, " We also attach a release for damages from S. F. Jones & Company, they being the only persons whose lands will be affected by said road," when in truth and in fact the lands of this exceptant are and will be greatly affected if this proceeding is confirmed and the road opened in accordance therewith.

The court dismissed the exceptions and confirmed the report.

*Errors assigned* were in dismissing the exceptions and confirming the report.

*W. A. Griffith*, with him *V. E. Williams* and *A. M. Sloan*, for appellant.—The county and township in which the proposed road will be, or in which the road is, whose vacation is

sought, should appear in the petition: Hanover Road, 7 Montg. 25; New Hanover Township Road, 2 Montg. 40; Willson's Road, 1 Pearson, 170; Belle Vernon Borough Road, 41 Legal Int. 358; Bean's Road, 35 Pa. 280; Upper Darby Twp. Road, 15 Pa. Superior Ct. 652.

The legislature certainly had in mind that the owners of the land through which the proposed road passed should be named in the report or upon the plan or draft, and that they should be so named in "noting briefly the improvements through which it may pass:" Darby Twp. Road, 15 Pa. Superior Ct. 652; O'Hara Twp. Road, 152 Pa. 319.

No notice, legal or otherwise, of the meeting of viewers to view the site for the proposed road, etc., was given to the exceptant: South Abington Twp. Road, 109 Pa. 118; Lancaster City Road, 68 Pa. 396; Central R. R. Co. of New Jersey's Appeal, 102 Pa. 38.

The report of the viewers that they had noticed the improvements rebuts the presumption that there were none, and the omission to note them is fatal: O'Hara Twp. Road, 152 Pa. 319; Leet Twp. Road, 159 Pa. 72.

No argument offered or paper-book filed for appellee.

OPINION BY RICE, P. J., October 13, 1902:

1. As the act of 1836 does not expressly require the township to be named in the petition, order to view or report of viewers, the omission to name it is not cause for reversal of the order of confirmation where the termini of the proposed road are so precisely described in the petition, and the road itself is so precisely described in the report of viewers, as to leave no room for doubt as to its location. This question has been at least twice decided by the Supreme Court in the way above stated. In Road in Bellevernon, 15 W. N. C. 232, Mr. Justice TRUNKEY, speaking for the court, said: "A road may be so precisely described and the circumstances such that the omission to name the township where it is located would be harmless, and as the statute does not require the township to be named, the omission is not cause for reversal." Again, in Road in South Abington, 109 Pa. 118, where, as in this case, the petition represented that the petitioners were in-

habitants of a certain township, naming it, and that they labored under great inconvenience for want of a public road to lead from one well defined point to another, both being in public places, but not stating in what county or township these points were, the Supreme Court held that this was not a fatal omission on certiorari.   Mr. Justice CLARK, who delivered the opinion, said : " In view of these plain recitals, and of the court having taken cognizance, we must presume, as a fact, that the route of the road is within the limits of the jurisdiction.   In an ordinary road proceeding, in the quarter sessions, we cannot require that degree of technical accuracy, which must be observed in criminal pleadings in the same court." Accordingly a specification, alleging error in overruling an exception based on the omission to name the county or township in the petition, order to view and report of viewers, was overruled.   These decisions were followed by us in Manheim Township Road, 12 Pa. Superior Ct. 279.   They are conclusive of the question raised by the first assignment of error.

2. It is true, as alleged in the second exception, that the name Pittsburg, McKeesport and Youghiogheny R. R. Co., this appellant, as an owner of land crossed by the proposed public road does not appear in the report, nor, we may add, in the draft attached to their report.   But in order to declare this to be a fatal omission we must assume that the said company is an owner of land crossed by the proposed road.   This fact does not appear in the record proper, and was not brought upon the record for purposes of review by alleging it in an exception.   Where the proceedings in a road case are regular on their face and an exception alleges a fact, to establish which proof outside the record is required, and the exception is overruled, it must be presumed on appeal to this court that the question of fact was correctly decided by the court below. We are compelled so to presume because the certiorari brings up nothing but the record, of which the testimony is no part. The rule is very clearly stated in Roche's Private Road, 10 Pa. Superior Ct. 87.   See also Diamond Street, 196 Pa. 254, and Fifty-Fifth Street, 16 Pa. Superior Ct. 133.   The rule is so well established as not to require the citation of other authorities.   It follows that the second assignment of error must be overruled.   The principle applying to it applies equally well

to the third, fourth and fifth assignments, since all of them raise questions of fact, the decision of which by the court below is final, and therefore not the subject of review. With regard to the necessity of setting forth in the report of viewers that notice was given and how it was given, we may appropriately add the following quotation from the opinion in Road in South Abington, supra: "Whether what has heretofore been said in this court, as to the essentiality of record evidence of notice, has resulted from the adjudication of cases, arising under statutory provisions of a local and special character we cannot say, but we are clear in our convictions now, that such a requirement cannot be fairly inferred from any provision of the general law, or of the act of 1845, under which this case is to be considered."

3. It seems to us unnecessary to discuss the question whether or not there is a presumption that there are improvements on the land through which the road passes which were not noted in the report of viewers or the draft attached thereto. For even if it be conceded that the report was defective in that particular, it was not incurably so. The objection not having been raised in the court below, it cannot be raised here. This question was very fully considered in Road in Upper Darby Township, 15 Pa. Superior Ct. 652, and we need not go over the ground again.

We find no error in this record which would justify a reversal. This being so, we would not be warranted in entering such judgment even if, as was suggested in the argument, the principal petitioners for the road have lost their interest in the proceedings and are no longer desirous to have the road opened. The statutory remedy in such a case would seem to be the adequate one. But we are not called upon to discuss that question.

All the assignments of error are overruled and the order is affirmed.