# Nobles v. Piollet.

*Road law—Road commissioners in Bradford county—Acts of April 13, 1843, P. L. 214; April 5, 1844, P. L. 201; March 30, 1846, P. L. 199—Certiorari—Common pleas.*

The court of common pleas has no jurisdiction to review by certiorari the proceedings of boards of road commissioners elected in townships in Bradford county under the special acts of April 13, 1843, P. L. 214, April 5, 1844, P. L. 201, and March 30, 1846, P. L. 199. Such boards are not "inferior courts not of record" within the meaning of the constitutional provision giving power to the common pleas to review proceedings on certiorari.

*Appeal—Certiorari—Review—Record.*

As certiorari does not take up the evidence, the appellate court has no power to review questions of fact passed upon by the court below on depositions submitted to the court.

Argued Jan. 21, 1901.   Appeal, No. 29, Jan. T., 1901, by plaintiffs, from order of C. P. Bradford Co., May T., 1899, No. 28, quashing writ of certiorari in case of Mary O. Nobles et al. v. John C. Piollet et al., Commissioners of Roads of Wysox Township.   Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Certiorari to review proceedings of township road commissioners.

From the record it appeared that Mary A. Nobles and Hila Nobles Williams caused writs of certiorari to be issued to the commissioners of roads in the township of Wysox to remove all proceedings before them.   After the proceedings had been removed exceptions were filed, the principal one being to the effect that the reviewing commissioner was incompetent to act on account of interest.   The court in an opinion by DUNHAM, P. J., specially presiding, quashed the writs.

*Error assigned* was the order quashing the writs.

*J. C. Ingham*, with him *L. M. Hall*, for appellants.—The court of common pleas of Bradford county had the right to review the action of the township commissioners as to the regularity of their proceedings and as to their jurisdiction: Braund v. Asylum Township, No. 419, December term, 1891, not reported; Ruhlman v. Com., 5 Binney, 24; Wilt v. Phila. & Lancaster Turnpike Co., 1 Brewster, 411; Appeal of the Commissioners of Northampton County, 57 Pa. 452; Com. v. Fourteen Hogs, 10 S. & R. 398; 2 Dillon on Municipal Corporations, sec. 925; Parks v. City of Boston, 25 Mass. 218; LeRoy v. Mayor of New York, 20 Johnson, 430; Fay's Petition, 32 Mass. 243; Zimmerly v. Road Commissioners, 25 Pa. 134.

*I. McPherson*, with him *D. C. De Witt*, for appellee.

OPINION BY RICE, P. J., February 14, 1901:

The proceedings in the court below, which we are asked to review, were had upon a certiorari directed to the commissioners of roads of Wysox township in Bradford county commanding them to send up the record of the proceedings in the matter of

laying out a certain public road. Upon the proceedings being sent up these appellants filed exceptions which the court overruled and quashed the writ. Special laws applicable to Bradford county provide that in each township there shall be elected three road commissioners whose duty it shall be to take general charge and supervision of the roads, " and to lay out and alter the same at the request in writing of the citizens of said township, if they shall decree the same necessary, and shall furnish the town clerk with a return of all such roads so laid out or altered, in the same manner as viewers now make report to the court of quarter sessions." A review may be had upon the application of any person dissatisfied with the location of the road, in the following manner : At the time and place fixed by the town clerk for the purpose, the road commissioners of the township and the person dissatisfied may each name a road commissioner of an adjoining township, and the two commissioners thus named may agree upon a third commissioner not of the township in which the road complained of lies, and the commissioners thus named shall proceed to review the road and make report to the town clerk, and their report shall be entered of record by him as in other cases, " and shall be final and conclusive for two years thereafter : " Act of April 13, 1843, P. L. 214, 217 ; Act of April 5, 1844, P. L. 201 ; Act of March 30, 1846, P. L. 199. It is unnecessary to refer to the other provisions of these special laws further than to say that none of them authorizes the court of common pleas to review the proceedings. They do authorize the quarter sessions to appoint viewers to assess damages, if the party aggrieved is not satisfied with the findings of the road commissioners upon that subject, but, so far as laying out roads is concerned, neither these special laws nor any general statute to which our attention has been called authorize the court of common pleas to revise their action. In the absence of such legislation, the power of that court to issue a certiorari to bring up the proceedings must be found in the constitution or be held not to exist. The Supreme Court has all the revisory powers of the king's bench over inferior jurisdictions which have not been taken away by express words or necessary implication, but the common pleas has only such of those powers as have been expressly conferred. The constitution of 1790 provided that the judges of that court

within their respective counties, should have " the like powers with the judges of the Supreme Court, to issue writs of certiorari to the justices of the peace and to cause their proceedings to be brought before them, and the like right and justice to be done." This provision was retained unchanged by the constitutional convention of 1838. But the constitution of 1874 directed that in Philadelphia there should be established for each thirty thousand inhabitants " one court, not of record, of police and civil causes." There was, therefore, occasion, if not absolute necessity, for a change in the section relating to the power of the common pleas to issue certiorari, by inserting after the words, " justices of the peace," the words, " and other inferior courts not of record." The rule noscitur a sociis is based on common sense. It is often an aid in the construction of words of doubtful meaning and may be considered in the construction of a written constitution as well as of a statute. It may properly be considered here. Bearing in mind also the occasion for a change in the fundamental law, we think it safe to assume that the framers of the constitution had in contemplation the courts not of record directed to be established in Philadelphia and similar inferior courts not of record that might be established under the power reserved to the legislature in the first section of the judiciary article. In the popular sense of the term a board of road commissioners no more than a board of school directors, or a borough or city council, although invested with powers requiring the exercise of a sound legal discretion, is a court. Nor, so far as the reported cases show, was it the practice in Pennsylvania to review their proceedings upon certiorari. If the framers of the constitution of 1874 had intended to extend the jurisdiction of the judges of the common pleas so as to authorize them to bring before them by certiorari the proceedings of all such bodies or tribunals involving the exercise of discretionary powers affecting individual members of the community directly or indirectly, we think they would have expressed that intention in plain terms, and would not have left it to doubtful inference. It is to be observed further that we are dealing with a constitutional provision conferring a revisory power or jurisdiction upon the common pleas, not with one restrictive of the power of the legislature to enlarge that jurisdiction if in their judgment it be deemed wise to

do so. There is, therefore, no occasion or justification for putting a forced construction upon the words, " other inferior courts not of record," which, there is every reason to believe, neither the framers of the constitution nor the people in adopting it intended them to have. Upon this question we are in accord with the learned judge especially presiding at the hearing of the case.

But assuming, for the sake of the argument, that the court of common pleas had power to issue the writ, what error was committed which we have power to correct? The sole complaint is, that the reviewing commissioner named by the road commissioners of Wysox township was disqualified by interest and bias. But this allegation is not sustained by anything appearing in the proceedings sent up to the common pleas, or in the record sent up to us. The depositions submitted to that court, even if it had a right to consider them, are not part of the record and cannot be considered by us. The decision of the court below upon the questions of fact raised by the exceptions must necessarily be final, because, if for no other reason, there is no mode provided for bringing upon the record the facts alleged in them. The cases upon this subject are almost innumerable. A bare reference to a few of the later ones is all that is required: Dennison Township Road, 13 Pa. Superior Ct. 227, and cases cited on p. 230; Crumley v. Crescent Coal Co., 13 Pa. Superior Ct. 231; Diamond Street, 196 Pa. 254.

In what we have said in the foregoing opinion, we are of course to be understood as speaking only of the power of the common pleas to revise the proceedings of the commissioners on certiorari, not of its equity powers to restrain illegal action on their part, nor of its power by mandamus to compel performance of public duties.

The judgment is affirmed.