## Pike Township Road.

*Road law—Review—Opening road—Vacation of road.*

Where proceedings are begun to vacate a portion of an old road and to lay out a new road in its place, an order confirming a report of reviewers in as far as it concerned the laying out of the new road, but setting it aside in as far as it vacated a portion of the old road, is erroneous and will not be sustained on appeal.

Where three road commissioners are authorized to locate a public road, all three must meet and deliberate although a majority may decide.

Under the Act of March 30, 1846, P. L. 199, reviewing road commissioners are not required to be sworn specially, their general oath of office is sufficient.

A review may be had in Bradford county where the local commissioners have refused to vacate an old road and relay a new one.

Argued Nov. 22, 1905. Appeal, No. 124, Oct. T., 1905, by Pike Township, from order of C. P. Bradford County, Dec. T., 1903, No. 474, overruling exceptions to report of reviewers In re Vacation of Public Highway in Pike Township. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Exceptions to report of viewers.

FANNING, P. J., filed the following opinion:

The road commissioners of Pike township reported adversely upon the petition presented. An appeal was taken and reviewers duly chosen, who, on November 7, 1903, went upon the ground and all agreeing reported in favor of the new road prayed for. For the purpose of laying out and establishing the same by metes and bounds, they then adjourned to meet November 14, 1903. On said last mentioned date, two of the reviewers, namely, William Morrow and O. English, met and, after making a survey, filed a supplemental report fully describing said proposed new road. Said report also provided as follows: " so much of the old road as will be supplied by the proposed new road when built and opened is vacated to the state road to take effect when the proposed new road is opened for public travel, a plot or draft whereof, is hereto annexed and is made a part of this report." Exceptions to the proceed-

ings were filed by A. B. Burrows as follows, namely: First, the record does not show that the viewers or reviewers were sworn according to law; second, because the record does not show that the viewers or reviewers after being duly sworn found whether the road was necessary; third, because a supplemental report of reviewers laying out the said road was participated in only by two of the viewers; fourth, because the reports of viewers and reviewers were wholly irregular, unlawful and insufficient. The exceptions relating to the omission of the report to state that the viewers were sworn were not pressed, doubtless owing to a decision recently rendered by the president judge of the 44th judicial district when specially presiding in this county to the effect that under the special laws applicable to Bradford county road commissioners are given the general charge and supervision of all roads therein with power to lay out and alter or vacate the same, and as such have severally taken an oath to perform their duties according to law, thereby dispensing with the necessity of again being sworn when called out as viewers or reviewers. With the explanation noted we proceed to a consideration of the matters alleged to be fatal to the proceedings. The Act of April 13, 1843, section 20, P. L. 218, conferring upon road commissioners in Bradford county jurisdiction in the matter of roads provides, inter alia, as follows: "That it shall be the duty of the said commissioners to take the general charge and supervision of all the roads and bridges in each of the said townships in said county (county bridges excepted) and to lay out and alter the same at the request in writing of the citizens of said township, if they shall deem the same necessary," etc. The report of the reviewers chosen as before stated to review the action of the road commissioners of said township, is not perhaps as explicit as could be desired in averring the necessity for a public road between the points named. It must be remembered, however, that viewers and reviewers, are not as a rule men learned in the law and their action should not be defeated by mere technicalities, if it clearly appears that there has been a substantial compliance with all legal requirements. In Road from App's Tavern to Susquehanna through Charleston, 17 S. & R. 388, HUSTON, J., says: "The report must state distinctly whether they decide on a public or private road. If this appears plainly in their re-

port, it is sufficient." In the report now the subject of ob-
jection, the reviewers first state that, "after making diligent
inquiry and examination of the need and benefit of the said new
road to the public did report," etc., and again that "having
viewed the ground for the proposed road, both of us concurring,
did lay out and now return the same for a public road," and
still again the vacation of old road is "to take effect when the
proposed new (road) is opened for public travel." It is clear
as language can make it that the new road was laid out as a
public road. It is evident from a careful reading of the report
and the action taken that the reviewers deemed the road nec-
essary. The finding that they "did lay out and now return
the same for a public road" under the authorities meets the
requirements: Road in Norriton and Whitpain Twps., 4 Pa.
337; Road in Reserve Township, 2 Grant, 204; Road in
Versailles Township, 4 Brewster, 57. The second exception
for the reasons stated is dismissed.

The third exception is also dismissed. The return shows
who of the reviewers were present at the view. The fact that
but two of the reviewers were present at the time when the
survey was made is not fatal. The reviewers, all concurring,
had previously made a report in favor of the road, and this ad-
journed meeting was to designate the metes and bounds and
complete the work.

The fourth exception raises a question as to the validity of
the vacation of the old road. It would doubtless be a sufficient
compliance with the law, if the report substantially found that
the road to be vacated had become "useless, inconvenient and
burdensome," but it does not. We may infer that was the con-
clusion reached by the reviewers, for they say "so much of the
old road as will be supplied by the proposed new road when
built and opened is vacated to the state road." This, however,
does not meet the requirements of the act of assembly, and can-
not be held to be a finding that the road vacated is "useless,
inconvenient and burdensome." Apart from this, however, the
report does not adequately describe the road to be vacated, nor
does it appear on the plot or draft. This is essential to give
validity to the vacation: Road in Ross Twp., 36 Pa. 87. The
fourth exception is sustained so far as relates to the vacation
of the old road and dismissed so far as it relates to the laying

out of the new road. This may be done under the act of July 2, 1901, giving to the courts authority to inquire into the regularity of the proceedings had and if unlawful, to set the same aside " either in whole or in part."

And now, to wit: November 19, 1904, the proceedings in above case are confirmed so far as relates to the laying out of the proposed new road, and set aside so far as relates to the vacation of the old road.

*Errors assigned* were in overruling exceptions to report of viewers.

*W. P. Wilson*, of *Lilley & Wilson*, and *J. McPherson*, for appellant.

*S. W. Little*, with him *Wm. Little*, for appellees.

OPINION BY RICE, P. J., April 23, 1906 :

The proceedings brought up for review on this appeal were begun by a petition of the citizens of the township of Pike to the commissioners of the township, representing that a portion of a certain public road, commonly called the Jones road, had become " inconvenient," and praying the commissioners " to alter and change " it, by vacating " the inconvenient portion," described as extending from " a maple tree by said highway on the premises of Gilbert Sumner " to its intersection with the old state road, and laying a public road between the first mentioned point in the Jones road and another designated point in the old state road. The road commissioners, after viewing the proposed road, reported " in favor of no road."

In due time a citizen filed with the town clerk written notice of his dissatisfaction with the decision of the road commissioners and applied for a review, whereupon three road commissioners of other townships were selected as reviewers in the mode provided in sec. 6 of the Act of March 30, 1846, P. L. 199. The substance of the report filed by them was that, after having viewed the proposed road, describing it substantially as in the petition, they " do report in favor of a road. We also report that after completion of the building and

acceptance of the above road, the road from said maple tree to the said road is vacated." No plot or draft of the proposed road, or of the portion of the road intended to be vacated, was returned with their report. Nor was the location of the proposed road described in any way, except by the termini.

A few days later two of the reviewing road commissioners filed what is denominated a supplemental report, in which, after reciting the proceedings leading up to their appointment, they set forth that the three reviewing commissioners met upon the day appointed, " and went over the ground between the points aforesaid mentioned "—evidently referring to the termini of the proposed new road described in the petition— " and after making diligent inquiry and examination of the need and benefit of the said new road to the public, did report to the town clerk . . . . in favor of the new road, and that we would lay the same, all three of us concurring and signing said report, and adjourning to November 14, 1903, to lay and establish same by metes and bounds." They then state that on the last mentioned date, the third reviewing commissioner being absent, they report as follows : " Having viewed the ground for the proposed road, both of us concurring, do lay out and now return the same for a public road," etc. Here follows a description of the road by courses and distances and reference to monuments, after which the report proceeds : " So much of the old road as will be supplied by the proposed new road when built and opened is vacated to the state road, to take effect when the new road is opened for public travel, a plot or draft whereof " (the new road, not the portion of the road vacated), " is hereto annexed and is made part of this report."

The proceedings upon review were brought before the common pleas by certiorari issued under the Act of July 2, 1901, P. L. 607, and were " confirmed so far as relates to the laying out of the proposed new road, and set aside so far as relates to the vacation of the old road." The reasons given by the learned judge below for the latter branch of the order were, that there was no distinct finding that the road vacated had become useless, inconvenient or burdensome, and that it was neither adequately described in the report, nor was a draft or plot of it attached thereto. His conclusion in this regard is

in accordance with the ruling in Road in Ross Township, 36 Pa. 87, and the doctrine of other cases. The case comes before us on the appeal of the road commissioners of the township from that part of the order confirming the report of the reviewers as to laying out the proposed new road.

It will be seen from the foregoing that a proceeding, which was based on an allegation that a certain portion of a road had become inconvenient and needed alteration, has terminated in the laying out of a new road without the vacation of the portion of the old road which the reviewers clearly intended to be supplied by the former. Assuming, for a moment, that there was authority for the appointment of the reviewers, it is apparent that their first duty was to determine whether the road asked to be altered and changed had become inconvenient; they were not empowered to lay out a new road irrespective of that fact. And, judging from their report, it is highly improbable, to say the least it is purely conjectural, that, even if they had the power, they would have reported in favor of a new road without coupling with it, as they did, the vacation of the road it was intended to supply. There is no ground for inferring that they would have done so, or for inferring that two roads leading from the maple tree in the Jones road to the old state road are needed. It is true the act of 1901 confers on the common pleas authority to set the proceedings aside, " either in whole or in part," but in the exercise of this power regard must be had to the nature of the proceeding and to the authority of the reviewers thereunder. We think it quite clear that it was not the intention to confer jurisdiction on the court to accomplish a result which could not have been accomplished in that proceeding by the report of reviewers, much less where such result is radically different from what the reviewers manifestly intended.

It is well settled by decisions under the general road law that the location of the courses of the road between the termini mentioned in the petition and order is within the discretion of the reviewers, and the same rule is applicable under the local laws governing the action of road commissioners in Bradford county. This part of their duties is not more plainly ministerial than the determination of the question whether a road shall be laid out between the termini. In the present

case the report first filed fails to show the course of the road, or that it had been agreed upon. The supplemental report shows affirmatively that the question of laying out the road by metes and bounds, which must be presumed to be the location of the course of the road, was deferred to a future meeting, at which one of the commissioners was not present. Even taking this report of the two commissioners as conclusive of the fact that there was an adjournment for that purpose, it shows affirmatively noncompliance with the general rule, that where several persons are authorized to do an act of a public nature all must deliberate though a majority may decide.

Sec. 6 of the Act of March 30, 1846, P. L. 199, which regulates the proceedings of reviewing commissioners, says nothing as to their duty to be sworn specially when called upon to perform this function. It simply provides that " their report shall be entered of record, as in other cases, and shall be final and conclusive in regard to said road, for two years thereafter." We are inclined to agree with the learned court below in the conclusion that the omission of the legislature to prescribe the taking of an oath was intentional. They act as public officers in this matter, and, in the absence of anything further than we have referred to to show that it was their duty to be sworn specially, it is to be presumed that the legislature had the fact in view that they were required by law to take a general oath to perform the duties of their office with fidelity.

It is contended that no review is provided for in any case except, first, by the act of 1846 where the local commissioners lay out a new road ; second, by the act of 1852 where they change or vacate the whole or any portion of a public road already laid out; and, third, by the act of 1868 where they refuse to lay out a new road. It is beyond controversy that no review is provided for where the petition is to change or vacate the whole or any portion of a public road and the local commissioner's report against the application, unless the right to such review was granted by the Act of April 13, 1868, P. L. 1004. This provides that any person or persons dissatisfied with the action of the road commissioners of any township within the county of Bradford, " upon a petition of a lawful number of citizens praying for a new road to be laid out and opened," may proceed in the same manner and under the same

644, (1906.)]                    Opinion of the Court.

restrictions as is provided for in the case of the location of any new road by sec. 6 of the act of 1846. But upon deliberate consideration it seems too narrow a construction of this language to hold that it applies only where the proceeding was begun under the act of 1843 as extended to Bradford county by the act of 1844. The proceeding in question of course primarily contemplates a more convenient way from the point at the maple tree in the Jones road to the old state road, and the vacation of the portion of the former road that has become inconvenient. It is not exclusively a proceeding to lay out a new road, and yet that is involved in it. Moreover, the reasons for permitting a review in a case where the local commissioners have refused to lay out a new road, or have laid out a new road, or have vacated a portion of an old road and supplied its place, apply with equal force to the latter proceeding in which they have refused to vacate and relay, and the words of the act are broad enough to cover such a case. We therefore do not sustain this contention of the appellants' counsel. The third and fifth assignments of error are sustained. The order is reversed and the proceedings subsequent to the report of the local road commissioners are set aside.