# Earl *v.* Ryan, Appellant.

*Constitutional law—Courts—Remedies—Local legislation—Act of July 2,* 1901, *P. L.* 607—*Road law.*

1. Legislators may, from time to time, provide new remedies, modify old ones, validate defects in form, provide new tribunals or new process for vindicating existing rights, and such enactments are perfectly within the limits of the state and national constitutions. The forms for administering justice, and the duties and powers of the court, as incident to the exercise of a branch of sovereign power, must ever be subject to legislative will.

2. The Act of July 2, 1901, P. L. 607, entitled an act "to provide for reviewing the proceedings of township road commissioners in laying out, opening and vacating roads," is a constitutional exercise of the power of the legislature to provide a new remedy in road proceedings.

3. The Act of July 2, 1901, P. L. 607, is not a local act although it applies only to certain townships in three counties.

Argued Feb. 24, 1909. Appeal, No. 13, Feb. T., 1909, by defendants, from order of C. P. Lycoming Co., discharging rule to dismiss certiorari in case of H. B. Earle et al., Citizens and Taxpayers of McNett Township, v. John Ryan et al., Supervisors, and James I. Fields, Town Clerk of McNett Township, and George E. Walker et al. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Rule to strike off certiorari. Before HART, P. J.

On April 18, 1908, the petition of a number of citizens and electors of McNett township was presented to the supervisors thereof, praying them to lay out and open up a public road in said township. On April 25, 1908, the supervisors reported

against laying out the proposed road. On May 4, 1908, a number of citizens of the township appealed from the action of the supervisors and asked for the appointment of reviewers. On May 9 and 20, 1908, reviewers were appointed. On June 18, 1908, the reviewers reported and returned to the town clerk the laying out of the public road as prayed for in the original petition to the supervisors; and on the same day the petition for the writ of certiorari was presented to the court of common pleas of Lycoming county; and the writ ordered to be issued. The petitioners for the road denied the right of the court to issue the writ of certiorari.

*Error assigned* was order discharging rule to dismiss certiorari.

*J. F. Strieby*, for appellants.—The act is unconstitutional for two reasons: 1. Because it extends the jurisdiction of the court of common pleas to issue writs of certiorari to other tribunals than those enumerated in art. V, sec. 10, of the constitution.

2. Because the act is not a general law; but a mere amendment to the local road laws of Bradford county; and therefore it is in violation of art. III, sec. 7, of the constitution, prohibiting the general assembly of the state from passing any local or special laws, regulating the affairs of counties, cities, townships, wards, boroughs, or school districts.

The Act of July 2, 1901, P. L. 607, cannot be sustained upon any rational theory of classification. Since the Act of May 23, 1874, P. L. 230, was passed, dividing cities into three classes, it seems that every act, that did not apply to every city of a given class, has been considered a local act, and therefore unconstitutional: Davis v. Clark, 106 Pa. 377; McCarthy v. Commonwealth, 110 Pa. 243; Scranton v. Silkman, 113 Pa. 191; York School District's Appeal, 169 Pa. 70; Sample v. Pittsburg, 212 Pa. 533.

*J. W. Stone*, of *Stone & Brooks*, with him *Sechrist & Hickok*, for appellees.—The constitution allows to the legislature every

power which it does not positively prohibit: Norris v. Clymer, 2 Pa. 277; Weister v. Hade, 52 Pa. 474; Sharpless v. Mayor, etc., of Philadelphia, 21 Pa. 147; Russ v. Commonwealth, 210 Pa. 544.

Where a right exists, but no remedy to enforce it, it is within the constitutional power of the legislature to provide one: Hepburn v. Curts, 7 Watts, 300; Turnpike Co. v. Commonwealth, 2 Watts, 433.

The Act of assembly, approved July 2, 1901, P. L. 607, does not violate art. III, sec. 7, of the constitution prohibiting the general assembly from passing any special or local law, regulating the affairs of counties, cities, townships, wards, boroughs, or school districts: Evans v. Phillipi, 117 Pa. 226; Com. v. Moir, 119 Pa. 534; Lehigh Valley Coal Co.'s Appeal, 164 Pa. 44; Wheeler v. Philadelphia, 77 Pa. 338; Scranton v. Whyte, 148 Pa. 419.

OPINION BY ORLADY, J., March 3, 1910:

All of the necessary facts of this case are admitted, and by an agreement of counsel, the only question involved relates to the constitutionality of an Act of assembly of July 2, 1901, P. L. 607. The proceedings in the case at bar were instituted under an Act of assembly approved April 5, 1844, P. L. 200, known as the Bradford County Road Law, which by Act of April 10, 1873, P. L. 696, was extended to McIntyre township in Lycoming county, out of which township, and during the time the act was in force, McNett township was created, and since which time has been subject to the provisions of what is known as the Bradford County Road Law, by which the road commissioners are invested with authority and power to lay out, open and vacate public or private roads, and regulate proceedings relevant thereto.

This court decided on February 14, 1901, in Nobles v. Piollet, 16 Pa. Superior Ct. 386, that the court of common pleas has no jurisdiction to review by certiorari the proceedings of the boards of road commissioners elected in townships in Bradford county. Under the special Acts of April 13, 1843, P. L. 214, April 5, 1844, P. L. 200, and March 30, 1846, P. L.

199, such boards are not "inferior courts not of record" within the meaning of the constitutional provision giving power to the common pleas to review proceedings on certiorari, and we held, that if the framers of the constitution of 1874 had intended to extend the jurisdiction of the judges of the common pleas, so as to authorize them to bring before them by certiorari the proceedings of all such bodies or tribunals involving the exercise of discretionary powers, affecting individual members of the community directly or indirectly, we think they would have expressed that intention in plain terms, and would not have left it to doubtful inference, and added that none of the acts "authorized the Court of Common Pleas to review the proceedings, and in the absence of such legislation, the power of the Court to issue a certiorari to bring up the proceedings must be found in the Constitution or be held not to exist."

On July 2, 1901, an act was approved, entitled "To provide for Reviewing the Proceedings of Township Road Commissioners in laying out, Opening and Vacating Roads" by which it is provided that hereafter the road commissioners of any township are by law invested with the authority and power to lay out, open or vacate public or private roads in their respective townships, or in case of appeal, road commissioners from other townships than that in which the road lies, and no appeal to any court is otherwise provided for, it shall be lawful for the Court of Common Pleas of the respective counties, to issue a writ, in the nature of a writ of Certiorari, etc., and the said court may examine the same as to the regularity of the proceedings had, and the jurisdiction of the road commissioners, etc., and if such proceedings are contrary to law, etc., the said court shall set the said proceedings aside, either in whole or in part, and such proceedings shall then be void and of no effect so far as set aside."

Section 2, declares: "The court shall provide by appropriate rules the manner of issuing such Certiorari, the practise to be followed in disposing of the same, and shall direct who shall pay the cost of the proceeding on the Certiorari." This act of assembly was manifestly enacted to meet the suggestion of the lack of legislation on this subject as announced in Nobles v.

Piollet, 16 Pa. Superior Ct. 386, and the sole question for us relates to the constitutionality of this act of 1901.

Article V, sec. 10, of the constitution is as follows: "The Judges of the Court of Common Pleas within their respective counties, shall have power to issue writs of Certiorari to Justices of the Peace, and other inferior courts not of record and to cause their proceedings to be brought before them, and right and justice to be done."

The contention of the appellant is so fully answered in Bank of Kentucky v. Schuylkill Bank, 1 Parsons Select Equity Cases, 180, that we quote it at large. "Legislators may, from time to time, provide new remedies, modify old ones, validate defects in form, provide new tribunals or new process for vindicating existing rights, and such enactments are perfectly within the limits of the state and National Constitutions. The forms for administering justice, and the duties and powers of the court, as incident to the exercise of a branch of sovereign power, must ever be subject to legislative will. The Constitution of the State in terms authorizes the Legislature to 'vest in the existing courts such power to grant relief in equity as shall be necessary from time to time, to enlarge or diminish those powers, or vest them in such other courts as they may judge proper for the due administration of justice. The Legislature are the judges of this necessity, and can exercise the power granted to any extent, not inconsistent with the reserved rights of the people.'" Nor can we agree with the contention that the act is to be treated as a local and not a general law. Its title as well as every provision within its body, suggests a general enactment.

As said in Pike Township Road, 30 Pa. Superior Ct. 644, "it is true the Act of 1901 confers on the Common Pleas authority to set the proceedings aside, either in whole or in part, but in the exercise of this power, regard must be had to the nature of the proceeding, and to the authority of the reviewers thereunder. We think it quite clear that it was not the intention to confer jurisdiction on the court to accomplish a result which could not be accomplished in that proceeding by the report of the reviewers, much less where such results are

radically different from what the reviewers manifestly intended."

The fact that the law applies to but thirty-seven townships in Bradford county, five in Sullivan county and McNett township in Lycoming county, and at present to no other townships in the State, is not a material consideration. Legislation is intended not only to meet the wants of the present, but to provide for the future; it deals not with the past, but in theory, at least, anticipates the need of a state healthy with vigorous development: Wheeler v. Philadelphia, 77 Pa. 338. The fact that the law applies only to one county now, would not be a sufficient objection, since in the natural progress of events under existing laws, others may grow into the class hereafter: Blankenburg v. Black, 200 Pa. 629.

Individual needs and requirements are responsible for much legislation which now must be general, and when it is so, the causes that lead to it or the particular purpose which it is to serve at the time of its enactment have nothing to do with its constitutionality. It may meet at the time of its passage the needs of but one community, but if in the future it will meet these same wants in all other communities, the legislation is as general as if at the time of its passage there had been no special reason calling for it: Pittsburg's Petition, 32 Pa. Superior Ct. 210, affirmed by the Supreme Court, 217 Pa. 227.

The constitution allows the legislature every power which it does not positively prohibit, and in this enactment the power of the court of common pleas was extended so as to review the action of the commissioners of roads, and to cause their proceedings to be brought before them, and right and justice to be done in order to provide for the absence of such legislation as suggested in Nobles v. Piollet, 16 Pa. Superior Ct. 386.

As stated by the court below it would seem to be the object of this act to bring the proceedings of all commissioners of highways, no difference when or how lawfully created, whether now existing, or hereafter to be created, under the reviewing power of the court in a manner in conformity with the power of the courts in all other proceedings for the laying out and opening of public highways. It is plain that great injus-

tice might be done did not such power exist, and the persons aggrieved would otherwise be without any adequate remedy at law.

The assignments of error are overruled and the judgment is affirmed.