## Altshuler Registration

*Maurice Stern*, for appellant.

*M. J. Matta*, for registration commission.

*M. H. Morgan*, for intervenors.

OLIVER, P. J., October 28, 1948.—In this matter Louise MacMahon filed her petition stating that she is a duly qualified elector of the City of Philadelphia; that she made a personal investigation as to the residence of Benjamin S. Altshuler and Anne Altshuler, who are registered to vote from 730 Fitzwater Street in the third ward, fifth division, and ascertained that they do not reside at that address, or even in the third ward; that she thereupon filed a petition with the

registration commission for the cancellation of their registrations; that a hearing on her petition was held October 14, 1948, at which time she appeared and presented evidence; that thereafter on October 15th the registration commission entered an order refusing to cancel their registrations; that she believes and avers that the finding of the commission "was not based on the evidence presented, was an erroneous finding, and an abuse of discretion and violation of the duties of the commissioners." She then prayed for the issuance of a writ of certiorari to the registration commission to bring before this court the entire record in the above matter, and for the granting of a rule upon the commission to show cause why it should not cancel the registrations in question.

Benjamin S. Altshuler and Anne Altshuler were granted leave to intervene and thereupon filed a motion to quash the writ and to vacate the rule to show cause. On the argument, two questions were raised. First, did this court have power to issue a writ of certiorari and to grant the rule to show cause and, secondly, does Louise MacMahon, petitioner, have an interest or standing in this proceeding?

After careful consideration, we have come to the conclusion that the first question must be answered in the negative and that such answer disposes of this controversy.

The First Class City Permanent Registration Act of March 30, 1937, P. L. 115, sec. 35, as amended by the Act of July 31, 1941, P. L. 710, sec. 25, 25 PS §623-35, provides:

"At any time, not later than the 25th day preceding any election . . ., any qualified elector of the city . . . may petition the commission to cancel the registration of any registered elector of the city. . . ."

Section 36 of the same act, as amended by the said Act of 1941, sec. 26, 25 PS §623-36, provides:

"At the time so fixed (for the hearing), the commission . . . shall hear testimony, not being bound by technical rules of evidence, and, if satisfied upon competent evidence, that any such person is not legally entitled to be registered, shall cancel the registration of such person. . . ."

Section 42 of the Act of 1937, as also amended by the Act of 1941, sec. 31, 25 PS §623-42, provides:

"(a) Any person whose claim for registration has been denied by the commission, or whose name, although previously registered, has been removed and not restored by the commission upon a petition filed for that purpose . . . , or any qualified elector of the city whose rights are impaired by any order of the commission, *not including . . . refusals to remove names upon any petition of any kind aforesaid*, may file an appeal with the proper court of common pleas . . . setting forth why he feels that an injustice has been done, and praying for such order as will give him relief. . . . Thereupon any judge of the said court shall fix a time and place for hearing. . . ." (Italics supplied.)

In view of the fact that she concededly had no right to file an appeal with this court, petitioner sought to obtain a review of the action of the commission by asking for the issuance of a writ of certiorari. However, it has been held that the court of common pleas has no power to issue certiorari to an administrative tribunal.

In Appeal of Philadelphia College of Law, Inc., 54 D. & C. 287 (1945), the late President Judge Hargest of the Common Pleas Court of Dauphin County stated: "There is a wealth of cases outside, and a dearth of them inside, Pennsylvania. Many states hold that certiorari lies to review the action of administrative boards, while, perhaps, just as many take the opposite view." Judge Hargest then pointed out that, while

the Supreme Court, by virtue of "long-existing judicial prerogative, expressly recognized in our Constitution," has the right of issuing common-law certioraris to test the jurisdiction of subordinate tribunals, including administrative tribunals or agencies, the court of common pleas has no such power, and is without authority to issue a writ of certiorari unless there is a constitutional or statutory authority to do so.

Our Constitution of 1874, art V, sec. 10, provides: "The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of *certiorari* to justices of the peace and other inferior courts not of record. . . ." As to the meaning of that section, Judge Hargest relied upon the decision in Nobles v. Piollet, 16 Pa. Superior Ct. 386 (1901). It was there held that, in the absence of legislation expressly authorizing the court of common pleas to review action of Township Road Commissioners, "the power of that court to issue a certiorari to bring up the proceedings must be found in the constitution or to be held not to exist. The Supreme Court has all the revisory powers of the king's bench over inferior jurisdictions which have not been taken away by express words or necessary implication, *but the common pleas has only such of those powers as have been expressly conferred.*" It was further held that the board of road commissioners is *not* a court and that, "There is, therefore, no occasion or justification for putting a forced construction upon the words, 'other inferior courts not of record', which, there is every reason to believe, neither the framers of the constitution nor the people in adopting it intended them to have".

Although Judge Hargest indicated that, "in view of the tremendous growth of administrative tribunals and the broad powers vested in them to exercise judicial functions of great importance", the appellate

courts might now decide that the language "other inferior courts not of record" includes administrative tribunals, he concluded that he was bound, just as we conclude that we are bound, by the language of the Superior Court in Nobles v. Piollet, supra. We believe it is the only appellate decision in our State upon the question now before us. The cases cited by the petitioner involved merely the right of the Supreme Court, and not of the common pleas courts, to issue certiorari.

From the briefs filed on behalf of petitioner, Louise MacMahon, it is apparent that this proceeding involves much more than the mere question of striking the names of a voter from the registration list. Benjamin S. Altshuler is stated to be a candidate for the legislature from the political district which includes the address at 730 Fitzwater Street, where he is registered as a voter, but does not include the address at Ogontz and Olney Avenues in another section of the city, where petitioner insists Altshuler and his wife and family are in fact residing. It is obvious that, if the statements made by petitioner in this regard are correct, and Altshuler is running for election in a district other than the one in which he resides, this proceeding involves a serious situation (as we have not examined the testimony we express no views as to the merits of that controversy), and probably one which was not contemplated by our State legislature at the time it expressly excepted the right of appeal from a refusal to remove a name from the registration records. The remedy for the future in cases of this kind probably lies in a more realistic amendment of the Act of March 30, 1937, as amended by the Act of 1941, sec. 31, 25 PS §623-42.

Having concluded that this court is without jurisdiction, it is unnecessary to pass upon the second question as to whether petitioner has an interest or standing in this proceeding.

And now, October 28, 1948, the writ of certiorari herein issued is quashed and the rule to show cause is vacated.