## Pascale v. Morrisville Borough

*William J. Carlin,* for plaintiff.

*David A. Clarke,* for defendant.

RUBIN, J., December 21, 1956.—A writ of certiorari directed to the Board of Health of the Borough of Morrisville was issued by this court. The petition for the writ sets forth that the revocation of the master plumber license of petitioner by said board is unlawful

and illegal in that the Plumbing Code ordinance of Morrisville Borough is unconstitutional; the delegation of authority by borough council to the board of health is illegal and unconstitutional and that the decision of the board of health is arbitrary, capricious and an abuse of discretion. Defendant, Morrisville Borough Board of Health, then filed its petition asking for a rule to show cause why the writ of certiorari should not be quashed. The rule was allowed, answer thereto was filed by plaintiff and after argument this rule is presently before us for disposition on petition and answer.

The question before the court is: Does the court of common pleas have authority to issue a writ of certiorari to the board of health of the borough to review the actions of such board in revoking a (master plumber's) license?

It is now well settled that the power of the court of common pleas to issue a certiorari and bring up the record absent any statutory authority, must be found in the Constitution or held not to exist. The common pleas has only such powers as have been expressly conferred upon it: Nobles v. Piollet, 16 Pa. Superior Ct. 386, 388 (1901).

The Constitution of 1874, art. V, sec. 10, provides:

"The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of certiorari to justices of the peace and other inferior courts not of record. . . ."

There are few appellate cases construing this section of the Constitution. In the Nobles case, supra, a writ of certiorari issued out of the court of common pleas to review the proceedings of township road commissioners. The Superior Court, in affirming the lower court which quashed the writ stated, at pages 388-90:

"The constitution of 1790 provided that the judges of that court within their respective counties, should

have 'the like powers with the judges of the Supreme Court, to issue writs of certiorari to the justices of the peace and to cause their proceedings to be brought before them, and the like right and justice to be done.' This provision was retained unchanged by the constitutional convention of 1838. But the constitution of 1874 directed that in Philadelphia there should be established for each thirty thousand inhabitants 'one court, not of record, of police and civil causes.' There was, therefore, occasion, if not absolute necessity, for a change in the section relating to the power of the common pleas to issue certiorari, by inserting after the words, 'justices of the peace,' the words, 'and other inferior courts not of record.' The rule noscitur a sociis is based on common sense. It is often an aid in the construction of words of doubtful meaning and may be considered in the construction of a written constitution as well as of a statute. It may properly be considered here. Bearing in mind also the occasion for a change in the fundamental law, we think it safe to assume that the framers of the constitution had in contemplation the courts not of record directed to be established in Philadelphia and similar inferior courts not of record that might be established under the power reserved to the legislature in the first section of the judiciary article. In the popular sense of the term a board of road commissioners no more than a board of school directors, or a borough or city council, although invested with powers requiring the exercise of a sound legal discretion, is a court. Nor, so far as the reported cases show, was it the practice in Pennsylvania to review their proceedings upon certiorari. If the framers of the constitution of 1874 had intended to extend the jurisdiction of the judges of the common pleas so as to authorize them to bring before them by certiorari the proceedings of all such bodies or tribunals involving the exercise of discretionary powers affect-

ing individual members of the community directly or indirectly, we think they would have expressed that intention in plain terms, and would not have left it to doubtful inference. It is to be observed further that we are dealing with a constitutional provision conferring a revisory power or jurisdiction upon the common pleas, not with one restrictive of the power of the legislature to enlarge that jurisdiction if in their judgment it be deemed wise to do so. There is, therefore, no occasion or justification for putting a forced construction upon the words, 'other inferior courts not of record,' which, there is every reason to believe, neither the framers of the constitution nor the people in adopting it intended them to have. Upon this question we are in accord with the learned judge especially presiding at the hearing of the case."

This language was reaffirmed and quoted verbatim by the Superior Court in Esbenshade v. Department of Public Instruction, 181 Pa. Superior Ct. 232, 242, 243 (1956). It is significant to note that the court observed in the Nobles case that a borough council is not a court within the purview of this section of the Constitution. How, then, can it be said that a board of health to whom borough council has delegated certain powers, as here, is such a court? The Nobles case was followed, albeit reluctantly, in the cases of Appeal of Philadelphia College of Law, Inc., 54 D. & C. 287 (1945), and Altshuler Registration, 65 D. & C. 407 (1948), the former involving a certiorari to the Secretary of the Commonwealth and the latter a certiorari to the registration commission of the City of Philadelphia.

Notwithstanding that the Nobles case was decided in 1901, it was not until more than 40 years later in 1945, during which period administrative boards, agencies and tribunals had grown apace and were vested with authority to exercise judicial functions of

importance, that the legislature deemed it advisable to enact the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.1 et seq., providing for appeals from agencies, commissions, boards and officers having Statewide jurisdiction. Since no similar legislation has been enacted for appeals generally from agencies or boards of municipalities we must conclude that such appeals are permitted only when specifically allowed by statute, as for example, appeals from the board of adjustment in zoning cases. See article XXXIII, sec. 3307 of The Borough Code of July 10, 1947, P. L. 1621, sec. 93, 53 PS §15211.7, as to boroughs and similar provisions as to townships and cities of the various classes.

Plaintiff asks us to construe the constitutional provision so that the words "inferior courts" shall include any municipal or governmental body which in the exercise of its power makes a judicial determination. However sympathetic we might be with this position, we are precluded from so construing this constitutional provision by the language of the Superior Court in the Nobles case which we have cited at some length. We are therefore constrained, under the authority of the Nobles case, to hold that this court was without jurisdiction to issue the writ of certiorari to the Board of Health of Morrisville Borough. Having concluded that this court is without jurisdiction it is unnecessary to pass upon the other contentions raised by petitioner.

*Order*

And now, to wit, December 21, 1956, the rule to show cause is made absolute and the writ of certiorari is quashed.