## Commonwealth v. Snelling & Snelling

*S. Frank Laveson*, Deputy Attorney General, for Commonwealth.

*Louis Pudles* and *Lee B. Sacks*, for defendant.

SWOPE, P. J., February 21, 1968.—Snelling and Snelling, a private employment agency, has filed an appeal with this court from an adjudication of the Division of Private Employment Agency Licenses in the Department of Labor and Industry. Accompanying the appeal were exceptions to the division's findings of fact and conclusions of law to the effect that a Mrs. Brown, who had obtained employment through appellant, was relieved of her position through no fault of her own and was thus entitled to a partial refund of the fee paid to appellant in accordance with regulations issued pursuant to the Employment Agency Law of July 31, 1941, P. L. 616, sec. 1, 43 PS §535, et seq.

The Commonwealth moved to quash the appeal on a number of grounds, a consideration of one of which is sufficient to dispose of the matter.

The Commonwealth raises, for the first time, the question of this court's jurisdiction in appeals from adjudications of the Division of Private Employment Agency Licenses, Department of Labor and Industry. It contends that we lack jurisdiction in this matter because the Employment Agency Law is silent on any right of appeal. On the other hand, appellant argues that this court has jurisdiction over the appeal by

virtue of section 41 of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.41.

Where appellate review of the action of an administrative tribunal is not provided for by statute, no right of appeal exists: Bell Appeal, 396 Pa. 592, 152 A. 2d 731 (1959); Philadelphia v. Price, 419 Pa. 564, 215 A. 2d 661 (1966); Appeal of Philadelphia College of Law, Inc., 54 D. & C. 287 (1945).

It is clear, then, that appellant's right of appeal must be found to exist either in the statute pursuant to which the adjudication issued (Employment Agency Law) or in some general statute which can be made applicable to the present controversy.

The Employment Agency Law, supra, has set up a comprehensive system for the registration, licensing and supervision of the activities of certain employment agencies. By section 27 of the Act, 43 PS §561, the Department of Labor and Industry has been granted the power to promulgate and enforce such reasonable rules and regulations as may be necessary to carry out the laws relating to the conduct of the business of employment agents. Such regulatory power forms the basis for the present adjudication. However, nowhere in the statute is there any provision for appeals to be taken from actions of the department which are directed to enforcement of its regulations.

Section 41 of the Administrative Agency Law, relied upon by appellant, does grant the right of appeal to this court from adjudications of administrative agencies. But advantage cannot be taken of that section unless it is made applicable to the particular agency issuing the adjudication. This must be determined by looking to section 51 of the same act. Subsection (a) of that section lists those agencies to which all provisions of the Administrative Agency Law are made applicable. Subsection (b) provides which sections are to apply to the Banking Board, the Building

and Loan Board, and the Board of Arbitration of Claims, and, finally, subsection (c) states that "Only section twenty-one[1] of this act shall apply to agencies of the Commonwealth not enumerated in subsections (a) or (b) of this section. Such agencies shall not be required to have their regulations approved by the Department of Justice".

It is quite clear that the legislature intended the appeal procedure of section 41 to apply only to those agencies listed in section 51(a). See Commonwealth of Pennsylvania Department of Welfare v. Randal, 62 Dauph. 315 (1951). An examination of subsection (a) discloses that neither the Department of Labor and Industry nor the Division of Private Employment Agency Licenses is listed. Aside from the fact that the legislature unequivocally stated that only section 21 was to apply to those agencies not listed in subsections (a) or (b), it is a well established canon of statutory construction that the mention of one thing in a statute implies the exclusion of others not expressed: Scott Township Appeal, 388 Pa. 539, 543, 130 A. 2d 695 (1957); Pane v. Department of Highways, 422 Pa. 489, 222 A. 2d 913 (1966).

While section 51(a) does provide that all provisions of the Administrative Agency Law are also applicable "to any other agency which has been made subject to the provisions of this act by any other act of Assembly", our research has failed to disclose any other statute having such effect in this case.

As a result of a consideration of the pertinent cases and statutes, we must conclude that this court has no jurisdiction to review by appeal the present adjudication. Nor may such review be exercised through the

---

[1] Section 21 deals with the mechanics of the regulation procedure such as the printing and filing of regulations with the Department of State and the Legislative Reference Bureau and their prior approval by the Department of Justice.

use of a writ of certiorari which was issued in this case to bring up the record.

In Philadelphia v. Price, supra, the court stated, at page 568, that:

"The law is settled that where, as here, a statute creating an administrative agency does not *expressly* give a court of common pleas power to issue a writ of certiorari to that agency, no such authority exists: *Esbenshade v. Department of Public Instruction*, 181 Pa. Superior Ct. 232, 124 A. 2d 478 (1956), affirmed 387 Pa. 281, 127 A. 2d 678; *Nobles v. Piollet*, 16 Pa. Superior Ct. 386 (1901); *Pascale v. Morrisville Borough*, 8 Pa. D. & C. 2d 530 (1956); *Appeal of Philadelphia College of Law, Inc.*, 54 Pa. D. & C. 287 (1945). . . ." (Italics supplied.)

The statutes creating and those defining the powers and duties of the Department of Labor and Industry nowhere expressly provide for the issuing of writs of certiorari by courts of common pleas to that agency or to its various divisions or bureaus. See Administrative Code of April 9, 1929, P. L. 177, sec. 201, as amended, 71 PS §61; §§2201-2214, 71 PS §§561-574; and also the Act of June 2, 1913, P. L. 396, sec. 1, 71 PS §1441. Therefore, we are powerless to issue such a writ to review the action taken in this case.

Since this court has no jurisdiction of this appeal, the Commonwealth's motion to quash the appeal must be granted and the appeal dismissed. This disposition of the cause renders unnecessary a consideration of the other grounds set forth by the Commonwealth as bases for quashing the appeal.

ORDER

Now, February 21, 1968, the Commonwealth's motion to quash the appeal is granted. The prothonotary is directed to notify the parties or their counsel, forthwith.