Wharton's Rep; 181); *Jewell* v. *Hoar*. (3 Watts, 144); *White-hill* v. *Bank*, (1 Watts, 396); *Boas* v. *Nagle*, (3 Serg. & Rawle, 250.)

Mr. *Henderson, contra,* contended that the two affidavits made together a·sufficient foundation for the *capias*.

THE COURT quashed the writ, on the ground that the affidavit of the plaintiff was insufficient, and that the other deponent was not such an agent as the act of assembly contemplated.

Capias quashed.

---

[PHILADELPHIA, DECEMBER 14, 1837.]

Case of the ROAD from THOMAS'S CREEK, &c., in Philadelphia County.

A *special allocatur* is still necessary in the case of a *certiorari*, to remove proceedings in the Quarter Sessions on the opening of a road in the County of Philadelphia, notwithstanding the provisions of the act of 13th June, 1836, "relating to roads, highways and bridges."

MR. *H. M. Phillips* moved to quash the *certiorari* issued in this case, on the ground that it had been issued without a special *allocatur*, which was required by the act of March 23d, 1829, "relative to the opening of roads in the County of Philadelphia.

*Mr. *Goodman* and Mr. *Keemlé, contra,* contended, that [*12] by the general road-law, passed on the 13th of June, 1836, this provision of the .act of 1829 was virtually repealed; and that by the act of the 16th June, 1836, relating to the jurisdiction and powers of the courts, a *certiorari* is to issue of course.

But the COURT said, that the act of the 13th June, 1836, contained an express saving of special and local acts, apd that a special *allocatur* was still necessary for the removal of proceedings in the Quarter Sessions, relative to opening of roads ·in the County of Philadelphia, and therefore

Quashed the writ.

Mr. *Keemlé* then read affidavits, and the exceptions filed in the Court below, as ground for a *special allocatur ;* but the Court refused it on the merits.