## Thirty-fourth Street, Philadelphia.

1. No appeal lies from a decree of the Quarter Sessions in a road case; the proper proceeding to remove the record to the Supreme Court is certiorari.

2. An appeal brings up a case on its merits; a certiorari brings up the record only, and the Supreme Court can then look merely at the regularity of the proceedings.

3. A certiorari from the Supreme Court in a road case in Philadelphia cannot issue without a special allocatur by one of the judges of the Supreme Court, under the Act of March 23d 1829.

4. The Act of 1829 is not repealed by the General Road Law of June 13th 1836.

5. The Act of June 16th 1836 (jurisdiction of courts) did not authorize a certiorari, as of course, in road cases in Philadelphia.

6. A certiorari was issued in a Philadelphia road case, without a special allocatur, under the belief that such allocatur was unnecessary. The Supreme Court would not quash the writ, if it appeared that a special allocatur would be granted immediately afterwards.

7. The Park Act of March 26th 1867 appropriated land for a park, and authorized the value to be assessed to the owners by a jury of *twelve* men; the supplementary Act of April 24th 1868 extended the boundaries of the park; it also authorized the councils to widen, &c., any street to improve the approaches to the park; it provided that "damages for ground and property taken for the purposes of this act shall be ascertained," &c., as was prescribed by the original act. A street was widened to improve the approaches to the park. The Quarter Sessions appointed *six* viewers to assess the damages from widening the street. *Held* not to be error.

8. Duff's Road, 16 P. F. Smith 459; Thomas's Creek Road, 3 Whart. 11, followed.

February 3d 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certiorari to the Court of Quarter Sessions of *Philadelphia:* No. 255, to January Term 1874.

These proceedings commenced on the 28th of November 1871, on the petition of Thomas Costigan, representing that he owned property in the Twenty-fourth ward of Philadelphia through which Thirty-fourth street, as laid down on the public plan of the city, would pass; that the city councils, by a resolution of July 11th 1871, directed the chief commissioner of highways to notify owners of property over which Thirty-fourth street would pass, that after three months from the notice the street would be required for public use, according to the widened and straightened lines, as an approach to the park. The prayer was for the appointment of a jury of six freeholders to view the premises and assess the damages

which he or other owners of ground would sustain by opening, straightening and widening Thirty-fourth street.

Six jurors were accordingly appointed.

By Act of March 26th 1867, sect. 1 (Pamph. L. 547), a large area of ground was vested in the city of Philadelphia for a public park.

By section 3d of the act it was provided "that the owners of the *ground* should be paid for it according to the value to be ascertained by a jury of. twelve freeholders, to be appointed by the Court of Quarter Sessions, or by agreement between the commissioners of the park and the owners of the property, to be confirmed by the Court of Quarter Sessions. Whenever it should be necessary to have recourse to a jury to assess damages for any property to be taken as aforesaid, the said jury shall estimate the advantage to property adjoining or in the vicinity, and said jury shall proceed, and their award shall be reviewed and enforced in the same manner as provided by law in the opening of roads in the city of Philadelphia."

By a supplement to the foregoing act, passed April 14th 1868 (Pamph. L. 1083), it is provided that additional ground should be vested in the city for park purposes, and:

"Sect. 24. That the councils of the city of Philadelphia be and they are hereby authorized to widen and straighten any street laid upon the public plans of said city, as they may think requisite to improve the approaches to Fairmount Park.

"Sect. 26. The damages for ground and property taken for the purpose of this act shall be ascertained, adjusted and assessed in like manner as is prescribed by the act to which this is a supplement."

On the 31st of July 1873 the jury reported, assessing damages to a large number of persons, amongst others to Hugh McIlvaine and Thomas Costigan.

McIlvaine filed three exceptions, of which two were:—

1. The councils of the city had no lawful authority to enact said resolution.

2. This court obtained no jurisdiction by virtue of the resolution under which the petition (on which the report was filed) was presented.

The city also filed exceptions which did not appear by the record.

Upon these exceptions the court made the following decree:—

"All the exceptions to the report of the jury are dismissed, except the third exception on behalf of the city, which is sustained, and the report is confirmed so far as relates to the assessment of damages for the opening, widening and straightening of the street, from Market street to Sycamore, and the remainder of the report is set aside."

[Thirty-fourth Street, Philadelphia.]

A certiorari was issued at the instance of McIlvaine without obtaining a special allocatur by one of the judges of the Supreme Court, as is provided by the 2d section of the Act of March 23d 1829, Pamph. L. 93, "relative to the opening of roads in the county of Philadelphia."

McIlvaine assigned for error:—

1, 2. Overruling his 1st and 2d exceptions.

3. Sustaining the 3d exception of the city, viz.: "That it was unnecessary to extend Thirty-fourth street diagonally from Sycamore street to Thirty-fifth street."

When the case came up for argument a motion was made to quash the certiorari for want of a special allocatur, under the Act of 1829.

*D. W. Sellers*, for McIlvaine.

*R. N. Willson* and *C. H. T. Collis*, City Solicitor, for the city.

*J. S. Gerhard* and *E. S. Miller*, for the property owners.

Mr. Justice PAXSON delivered the opinion of the court, March 13th 1874.

A writ of certiorari was sued out by Hugh McIlvaine to the Court of Quarter Sessions of Philadelphia, to bring up the record of that court in the matter of the proceedings to assess the damages for the widening of Thirty-fourth street. The case is inaccurately termed an appeal, and the parties are treated as appellant and appellee in the respective paper-books. This is erroneous; there is no appeal in the case. The distinction between an appeal and a certiorari is marked and should not be lost sight of. An appeal brings up the case upon its merits; a certiorari brings up the record only, and upon such writ we can look merely at the regularity of the proceedings: Duff's Road, 16 P. F. Smith 459.

A motion to quash the certiorari was made upon the argument. The reason assigned was that the writ had not been allowed by this court or by one of the justices thereof. This involves a question of practice of some importance. The second section of the Act of 23d of March 1829, Pamph. L. 93, provides "that from and after the passage of this act, no writ of certiorari shall issue from the Supreme Court of this state to remove any proceedings of the Court of Quarter Sessions of the county of Philadelphia, under the Act of Assembly for opening and laying out of public roads, streets or highways, and for assessing damages for opening the same, unless the party applying for such writ shall make oath or affirmation that the same is not intended for delay, but because he firmly believes that injustice has been done in the Court of Quarter Sessions; and unless such writ of certiorari shall be

[Thirty-fourth Street, Philadelphia.]

specially allowed by the Supreme Court or a justice thereof, for just and reasonable cause shown to them or him, and that any writ of certiorari issued against the provisions of this act shall be void and of no effect." This act was held to be still in force in the case of Road from Thomas's Creek, 3 Whart. 11. It was contended in that case, that by the general road law passed on the 13th of June 1836, this provision of the Act of 1829 was virtually repealed, and that by the Act of 16th June 1836, relating to the jurisdiction and powers of the courts, a certiorari is to issue of course. But the court said that the Act of 13th June 1836 contained an express saving of special and local acts, and that a special allocatur was still necessary for the removal of the proceedings in the Quarter Sessions relating to the opening of roads in the county of Philadelphia. Such has been the uniform construction of the Act of 1829 from that day to this, and the practice, with rare exceptions, has been in harmony with it. We might well quash this writ without further discussion, but as it was taken out under an impression that a special allocatur was unnecessary, and the case has been fully argued, we would not quash under the circumstances if, upon examination, we find that the plaintiff would be entitled to a special allocatur immediately thereafter.

I have looked in vain through this record for anything on which to base the plaintiff's assignments of error. The resolution of councils referred to in the first and second assignments is not set out in the record and is not before us. It is true that, in the petition of Thomas Costigan for the appointment of a jury to assess the damages for the widening of Thirty-fourth street, it is stated "that the Select and Common Councils of said city, by a resolution duly approved July 11th 1871, directed the commissioner of highways to notify the owners of property through and over which Thirty-fourth street, from Market street to Aspen street, passes, that after three months from the said notice the same would be required for public use according to the widened and straightened lines, as an approach to the park, and which notification has been received."

Assuming the resolution to be as set forth in the petition, we fail to perceive any error on the part of the court below in appointing a jury to assess the damages for the widening of the street.

The Act of April 14th 1868, Pamph. L. 1083, provides "that the councils of the city of Philadelphia be and they are hereby authorized to widen and straighten any streets laid out upon the public plans of said city as they may think requisite to improve the approaches to Fairmount Park." If, as was contended, the damages for the widening of the street were required to be assessed under the Act of March 26th 1867, Pamph. L. 547, to which the act first above named is a supplement, it would still be the duty of the Court of Quarter Sessions to appoint the jury. For anything

[Thirty-fourth Street, Philadelphia.]

that appears upon this record, the damages may have been "ascertained, adjusted and assessed in like manner," as is prescribed by the Act of 1867. We are unable to say in this proceeding, from what is legitimately before us, that city councils had no authority to enact said resolution, or that the court below had no jurisdiction.

The third assignment alleges that the court below erred in sustaining the third exception filed on behalf of the city. The record does not show any such exception or ruling. It does disclose three exceptions filed by the plaintiff, all of which were dismissed by the court and the report confirmed. The first and second of said exceptions are sufficiently covered by what has been said. The dismissal of the third exception is not assigned for error.

We are unable to see anything in this record which would justify us now in granting a special allocatur.

Writ quashed.