# Appeal of Philadelphia College of Law, Inc.

*Frank R. Hean, Abe J. Goldin,* and *James J. Regan, Jr.,* for appellant.

*Ralph B. Umsted,* Deputy Attorney General, and *James H. Duff,* Attorney General, for respondent.

HARGEST, P. J., March 5, 1945.—This matter comes before us upon a motion to quash the appeal and a writ

of certiorari and to vacate the order granting a supersedeas.

The Philadelphia College of Law, Inc. (hereinafter called college), brought a writ of mandamus in this court against the Secretary of the Commonwealth (hereinafter called secretary), on the ground that he was attempting to revoke a certificate of authority issued to the college, without due process of law, to which a motion to quash was filed.

Upon consideration, we overruled the motion to quash, and directed respondent to answer: 55 Dauph. 79.

The secretary, however, proceeded to hold hearings and made an adjudication, which resulted in a notice to the college, August 24, 1944, "that it was exceeding its authority and that said certificate of authority will be canceled and revoked unless the said default is cured within a period of 30 days from the date hereof".

Whereupon the college presented a petition entitled: "Appellant's Petition for a Supersedeas Sur Appeal on Writ of Certiorari", but endorsed: "Petition and Order Allowing Supersedeas on Appeal", asking for a supersedeas, which was granted. It also filed a præcipe for a writ of certiorari, accompanied by a number of exceptions to the action of the secretary. The secretary thereupon moved to quash the appeal, the writ of certiorari, and to vacate the order of supersedeas, on the ground that neither the appeal, certiorari, nor supersedeas was authorized by law.

In the petition of the college for a supersedeas it averred that "the petitioner appealed to your Honorable Court by plenary writ of certiorari". We are not advised what is intended to be meant by the word "plenary", unless it is to indicate, as some of the cases say, that "where a statute is silent on the right of appeal the court may review the case in the broadest sense allowed on certiorari": Commonwealth v. Hildebrand, 139 Pa. Superior Ct. 304, 308.

The statute involved in this case is silent upon the question of appeal. Therefore, there is nothing to bring the case before us on its merits. In certiorari, if it be the proper remedy, we may look "at the regularity of the proceedings": In re Thirty-fourth Street, 81 Pa. 27, 29.

The exceptions, 14 in number, briefly stated, complain that the secretary erred in finding that the college granted 12 degrees of bachelor of laws and 27 degrees of master of laws between 1933 and 1942, and 2 honorary degrees of doctor of laws and doctor of philosophy, without authority so to do, because there was no evidence of that fact, but it averred that it admitted these persons to "the gradus of bachelor of laws" and "to the gradus of master of laws", and two persons "to the honorary gradus of doctor of laws and doctor of philosophy, respectively", according to its certificate of authority which was "To teach law and jurisprudence and the several arts and sciences, acknowledging the attainments of students by awarding certificates and diplomas admitting to the several gradus of proficiency therein"; that the secretary erred in finding that the college had not complied with the Nonprofit Corporation Law or was guilty of any default which should be "cured within a period of 30 days", because he was exceeding his authority and acting in denial of due process and of the equal protection of the laws, and that he should have required the State Council of Education to have appeared before him as complainant, which was a right guaranteed to the college by the Act of March 30, 1911, P. L. 35.

These exceptions raise questions of fact and the constitutional and legal power of the secretary to make the order complained of.

## Discussion

The single legal question before us is whether, where the statute provides no appeal, a certiorari may be

issued to an administrative officer or agency to bring up the record.

The writ of certiorari was a common-law writ issued out of the Court of the King's Bench to examine and review the proceedings of all inferior tribunals. It was not a writ of right, but grantable only in the exercise of a sound discretion. It is sustainable where there is no other adequate remedy. The purpose of the writ is not to restrain or prohibit, but to annul. It differs from appeal, which brings up the case on the merits, while certiorari brings the record only for examination as to regularity or legality: Thirty-fourth Street, Philadelphia, 81 Pa. 27, 29; Words & Phrases, "Certiorari", p. 457 et seq., and cases cited.

Where the statute is silent upon appeal, the court of common pleas, or the appellate court in proper cases, may issue a certiorari to an inferior court to bring up the record, and when the record is brought up the court "may review the case in the broadest sense allowed on certiorari": White Township School Directors Appeal, 300 Pa. 422. But when the statute prohibits an appeal, the review is confined to questions of jurisdiction alone.

In any event, even though the court reviews the case "in the broadest sense allowed on certiorari", such review authorizes only an examination into the question of jurisdiction, the regularity of the proceedings, errors of law, and abuse of discretion: White Township School Directors Appeal, supra; Rimer's Contested Election, 316 Pa. 342; McGettigan's Liquor License Case, 131 Pa. Superior Ct. 280; Twenty-first Senatorial District Nomination, 281 Pa. 273; Grime et al. v. Department of Public Instruction et al., 324 Pa. 371; Commonwealth v. Hildebrand, 139 Pa. Superior Ct. 304, 308; Market Street National Bank v. Coal Township et al., 156 Pa. Superior Ct. 182, 39 A.(2d) 744.

But before we can make any such investigation we must determine whether the court of common pleas has

the power to issue certiorari to an administrative tribunal.

There is a wealth of cases outside, and a dearth of them inside, Pennsylvania. Many States hold that certiorari lies to review the action of administrative boards, while, perhaps, just as many take the opposite view: 14 C. J. S. (certiorari) §46 et seq.; 10 Am. Jur. (certiorari) §12; 102 A. L. R. 547 et seq., holding that certiorari is the improper remedy; 544 et seq., holding it is the proper remedy.

In Twenty-first Senatorial District, 281 Pa. 273, 278, it is said:

"The legislature lacks power to deny this court the right of issuing common-law certioraris to test the jurisdiction of subordinate tribunals, for that would be a denial of a long-existing judicial prerogative, expressly recognized in our Constitution (section 3, article V . . .)."

See also Carroll's Appeal, 336 Pa. 257, Grime et al. v. Department of Public Instruction et al., 324 Pa. 371, 374-75, Rimer's Contested Election, 316 Pa. 342, 346, and White Township School Directors' Appeal, 300 Pa. 422, 425.

So the Supreme Court has the right to issue the writ; but does the common pleas?

The Constitution of 1873, art. V, sec. 10, provides:

"The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of *certiorari* to justices of the peace and other inferior courts not of record . . .".

In view of the tremendous growth of administrative tribunals and the broad powers now vested in them to exercise judicial functions of great importance, the writer is inclined to the opinion that the appellate courts would now decide that the language "other inferior courts not of record" would include administrative tribunals.

We are inclined to this opinion because of what is said in Hotel Casey Co. v. Ross et al., 343 Pa. 573, when the effect of the decision of Short's Estate, 315 Pa. 561, was discussed by the Supreme Court. It was there said (p. 581) :

"The court below and the appellees relied strongly on our decision in Short's Estate, supra. While we said that since §503 provided that the action of the board 'shall be final' and that therefore an appeal would not lie, it was added as a final basis for the decision that the board had not 'abused its discretion' in refusing the petition. At the same time it has been suggested that Short's Estate, supra, was intended to hold that certiorari would not lie from this court to an administrative body exercising quasi judicial power.

*"It is not necessary in this case to discuss the availability of the writ of certiorari to review the proceedings of a quasi judicial tribunal since that writ was not employed here.* We are concerned with the question as to whether such proceedings can be reviewed under an appropriate remedy and with the scope of such a review if allowed." (Italics supplied.)

The Supreme Court, in a note, said:

"See an exhaustive and learned discussion of the subject by Prof. F. Eugene Reader, Pennsylvania Bar Association Quarterly, June, 1939, p. 317."

In Short's Estate, supra, there was an attempt to take an appeal directly to the Supreme Court from the decision of the Board of Finance and Revenue. This was followed by a motion to quash. The court said (p. 562) :

"The motion to quash must be sustained for the reason that an appeal from the action of the Board of Finance and Revenue, an administrative body, does not lie, unless expressly authorized by statute."

All the Pennsylvania cases on the subject hold that the Supreme Court may issue a certiorari to administrative tribunals or agencies; and we are inclined to

think that Short's Estate, supra, is not decisive of the question before us, namely, whether such tribunal comes within the constitutional designation of an "inferior court not of record" so as to sustain a certiorari from the common pleas of this county to an administrative board.

We are relegated, then, to the only decisive case on the subject, Nobles v. Piollet, 16 Pa. Superior Ct. 386, decided in 1901, in which there was a certiorari issued out of the common pleas to review the proceedings of the Township Road Commissioners. The court, after saying that there was no legislation authorizing the court of common pleas to review or revise the action of the road commissioners, continued (p. 388) :

"In the absence of such legislation, the power of that court to issue a certiorari to bring up the proceedings must be found in the constitution or be held not to exist. The Supreme Court has all the revisory powers of the king's bench over inferior jurisdictions which have not been taken away by express words or necessary implication, *but the common pleas has only such of those powers as have been expressly conferred*". (Italics supplied.)

After further discussion, and holding that (389), "although invested with powers requiring the exercise of a sound legal discretion," the Board of Road Commissioners was not a court, it was said (p. 390) :

"There is, therefore, no occasion or justification for putting a forced construction upon the words, 'other inferior courts not of record,' which, there is every reason to believe, neither the framers of the constitution nor the people in adopting it intended them to have."

We, therefore, conclude that we are bound by the language of this case; and hold that there is no jurisdiction in this court to issue a writ of certiorari to the Secretary of the Commonwealth, nor to treat the appeal as a certiorari.

We might end this opinion at this point, but inasmuch as there are various efforts to bring into this court for review the action of administrative tribunals, we are impelled to indulge in obiter dicta to clarify, if possible, the practice in this respect.