**Plaza Beer, Incorporated Appeal**

*George G. Lindsay,* for appellant.

*Robert James Wollet,* for Pennsylvania Liquor Control Board.

KIVKO, P. J., August 3, 1970.—The Pennsylvania Liquor Control Board issued a citation to Plaza Beer, Inc., a licensed malt beverage distributor, to show cause why a fine should not be imposed or why its license should not be suspended or revoked for allegedly offering and/or giving rebates or allowances as inducements to promote the sale of malt or brewed beverages sold by licensee.

After a hearing on the citation, the board filed an opinion finding that the evidence sustained the averment of the citation. The opinion stated further that "it appears that the licensee did not deliberately violate the law, and in view of the extenuating circumstances in this case, the board is of the opinion that it would be unjust to impose any penalty, and the licensee should be warned." In conformity with the opinion, the board ordered that no penalty be imposed and issued a warning to the licensee "to fully comply with the law and board regulations, otherwise another citation will issue and a penalty imposed." Licensee has appealed and the appeal is now before us.

Section 471 of the Liquor Code of April 12, 1951, P. L. 90, as amended, 47 PS §4-471, provides that "In the event the person who was fined or whose license was suspended or revoked by the board shall feel aggrieved by the action of the board, he shall have the right to appeal to the court of quarter sessions . . ." It is silent on the right of appeal where the board has merely issued a warning.

Our duty initially is to determine whether this court has jurisdiction to entertain this appeal. The board has not challenged such jurisdiction. However, as stated in Bell Appeal, 396 Pa. 582, 597 (1959), "It is settled beyond question that jurisdiction of subject-matter cannot be acquired by a court either through consent waiver or estoppel of the parties."

See Calabrese v. Collier Township Municipal Authority, 430 Pa. 289, 293 (1968).

Article V, sec. 9, of the Pennsylvania Constitution states that: "There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; . . ."

The right of appeal from the action of an administrative agency must, therefore, be provided by statute. In the absence of such a statute, no right of appeal exists: Bell Appeal, supra. at p. 597.

Licensee contends that its right to this appeal is implied in section 471 of the Liquor Code. This section provides that a license shall be suspended or revoked upon the third or subsequent violation of the code within a period of four years. It also permits a licensee to appeal from a suspension or revocation to the court of the county in which the licensed premises is located. Licensee would have us conclude from these provisions that the legislature intended that a licensee should be entitled to an appellate review of any board finding of a violation and not be compelled to choose between the unsatisfactory alternatives of desisting from what it may deem to be a legitimate business practice or suffer a mandatory suspension or revocation.

In effect, licensee desires us to construe the appeal provisions of this section so as to read: "Any licensee who shall feel aggrieved by the action of the board shall have the right of appeal." Had the legislature intended such a result, it would have expressed it. We cannot expand the jurisdiction of this court to encompass appeals generally when the language of this section of the Liquor Code clearly limits it to

appeals by licensees who have been aggrieved by the imposition of a fine or by a suspension or revocation of the license.

It is a well-established canon of interpretation that the mention of one thing in a statute implies the exclusion of others not mentioned: Scott Township Appeal, 388 Pa. 539, 542 (1957); Pane v. Department of Highways, 422 Pa. 489, 495 (1966). When the words of a law are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551.

We find no other provision in the Liquor Code which would give licensee a right of appeal. Nor do we find such a right in any general statute. We must, therefore, conclude that this court has no jurisdiction to review the adjudication of the board by direct appeal.

Nor may we exercise such review by considering the appeal in the nature of a certiorari.

The powers of review by means of certiorari granted to a court of common pleas by the Constitution of 1874 were set out in article V, sec. 26, as follows:

"The judges of the courts of common pleas, within their respective counties, shall have power to issue writs of certiorari to justices of the peace and other inferior courts not of record, and to cause their proceedings to be brought before them, and right and justice to be done."

In construing the term "inferior courts not of record" in this constitutional provision, the Superior Court in Nobles v. Piollet, 16 Pa. Superior Ct. 386 (1901), held that it did not include administrative agencies or tribunals. That construction has been followed ever since: Esbenshade v. Department of

Public Instruction, 181 Pa. Superior Ct. 232, 124 A. 2d 478 (1958), affirmed 387 Pa. 281, 127 A. 2d 678; Pascale v. Morrisville Borough, 8 D. & C. 2d 530 (1956); Appeal of Philadelphia College of Law, Inc., 54 Pa. D. & C. 287 (1945); Commonwealth v. Ranual, 62 Dauph. 315 (1961); Commonwealth v. Snelling & Snelling, 45 D. & C. 2d 514 (1968).

This principle was restated in Philadelphia v. Price, 419 Pa. 564 at 568 (1966) as follows:

"The law is settled that where, as here, a statute creating an administrative agency does not expressly give a court of common pleas power to issue a writ of certiorari to that agency, no such authority exists."

Schedule 26 to Article V of the Constitution adopted in 1968, amending the Constitution of 1874 and replacing article V, sec. 10, thereof, reads as follows:

"Unless and until changed by rule of the Supreme Court, in addition to the right of appeal under section nine of this article, the judges of the courts of common pleas, within their respective judicial districts, shall have power to issue writs of certiorari to the municipal court in the City of Philadelphia, justices of the peace and inferior courts not of record and to cause their proceedings to be brought before them, and right and justice to be done."

It makes no change in the earlier constitutional provision relevant to this proceeding. It results in no change in the construction of the language used: Statutory Construction Act, sec. 52(4), 45 PS §552-(4).

It follows that this court is without power to review the decision of the Liquor Control Board in the instant case either on direct appeal or by certiorari.

The legislature has the right to preclude appeals: Washington Arbitration Case, 436 Pa. 168 at 172 (1969). A party feeling aggrieved by what it may

deem to be an abuse of power exercised by an administrative agency is not without remedy. There remains the opportunity for appellate review by the Supreme Court in the nature of a certiorari under its King's Bench powers: Bell Appeal, supra; Philadelphia v. Price, supra. Rule 68½ of the Supreme Court provides an appropriate mechanism for such a review: Washington Arbitration Appeal, supra.

Having concluded that we are without jurisdiction in this matter, we enter the following

### ORDER

And now, August 3, 1970, the appeal of Plaza Beer, Inc., is hereby dismissed.